**Jeffrey Neal SAXBERG, Petitioner**

**v.**

**PENNSYLVANIA DEPT. OF CORRECTIONS, Court of Common Pleas Lancaster County, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2011.
Decided April 25, 2012.
Reconsideration Denied May 25, 2012.

Jeffrey Neal Saxberg, pro se.

Travis S. Anderson, Assistant Counsel, Mechanicsburg, for respondent Pennsylvania Department of Corrections.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge LEADBETTER.[1]

■ Before this Court are the preliminary objections of the Pennsylvania Department of Corrections (Department), to the petition for review in our original jurisdiction[2] filed by Jeffrey Neal Saxberg (Saxberg), *pro se*, seeking the return of funds deducted from his inmate account pursuant Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5) (hereinafter, Act 84).[3] Saxberg contends that inasmuch as the sentencing order did not impose costs on him, the deductions were unauthorized.[4] The Department challenges jurisdiction, demurs and objects to the format of Saxberg's pleading. We overrule in part and sustain in part the Department's preliminary objections.

■ Initially we note that, in ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Marrero by Tabales v. Commonwealth,* 709 A.2d 956 (Pa.Cmwlth.1998). In order to sustain

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

2. Saxberg is currently incarcerated at SCI–Camp Hill. On March 31, 2011, the court directed that Saxberg's petition be treated as a petition for review addressed to the court's original jurisdiction pursuant to 42 Pa.C.S. § 761.

3. Act 84 amended subsection (b) to include provisions for transmission to the Department of orders for restitution, fees, costs, fines,

and/or penalties and authorizing the Department to make deductions from inmate accounts for the purpose of collecting such court-ordered obligations in accordance with the Department's own guidelines.

4. Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy. *Coady v. Vaughn,* 564 Pa. 604, 770 A.2d 287 (2001).

preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

In his petition, Saxberg avers that on March 19, 1999, he was given a mandatory sentence of life without parole after a jury convicted him of first degree murder. Following his conviction and while an inmate at S.C.I. Retreat, the Department began deducting 20% per month from his prison account under Act 84. Saxberg alleges that the deductions continued until a total amount of $910.50 was collected, and that it is now paid in full. According to Saxberg, sometime in October 2010, while incarcerated at S.C.I. Camp Hill, he noticed that the sentencing order did not impose fines or costs. Petition for Review, Ex. A, Sentencing Order. Saxberg alleges that the only mention of costs is on Form DC–16D, Sentence Status Summary, a Department-created form, which lists costs at $910.50. Petition for Review, Ex. B. Saxberg avers that he wrote to the Inmate Accounts department and to the Inmate Records department to ask why these deductions were made when the sentencing court did not impose any fines or costs either orally at the sentencing hearing or in the written sentencing order, but contends that he did not receive any response or that the response merely recited policy without further explanation.[5]

Saxberg avers that he filed an Official Inmate Grievance on November 5, 2010, which was denied on November 24, 2010. On December 7, 2010, it was the decision of the Facility Manager of SCI–Camp Hill to uphold the initial response denying Saxberg's grievance. Thereafter, Saxberg requested further review of this decision and his appeal was referred to the Office of Chief Counsel on January 27, 2011. The Final Appeal Decision upholding the denial of Saxberg's grievance was dated February 9, 2011. Saxberg then filed the within petition, titled, "Petition For Review/Action In Mandamus," with this court.

In his petition, Saxberg argues that because there is nothing in the transcript from his sentencing hearing that the judge ordered fines and costs to be paid along with his mandatory sentence of life without possibility of parole and further that there is nothing written on his sentencing order indicating that fines or costs were imposed, the Department's actions were not authorized. Saxberg asserts that the Department has refused to provide him with any order or other documentation authorizing the Act 84 deductions and that he

---

**5.** Contrary to Saxberg's assertions that he received no response or direction from the Department, "D. Shade, Bus Office" in the Inmate Records department, wrote: "We have to use the information we receive from the county, if this is incorrect *you need to contact them.*" Petition for Review, Exhibit E, (emphasis added). Then again on Exhibit G, Official Inmate Grievance Initial Review Response, the grievance officer wrote that: "The business office acts accordingly (sic) to the above policy by deducting 20% of Mr. Saxberg's initial account balance and monthly income. Mr. Saxberg *must contact the sentencing county if he believes he is still entitled to a refund since all deductions have been forwarded.*" (emphasis added). In Exhibit H, the Superintendent responded by telling Sax-

berg to "provide more specific information *and/or contact the County to determine if you are entitled to any refunds.*" (emphasis added). Finally, Exhibit L, the Final Appeal Decision from the Secretary's Office of Inmate Grievances & Appeals, stated the following:

A review of the record by the Office of the Chief Counsel was conducted. The sentencing orders do, in fact, order you to pay court costs. The word "costs" is written on the sentencing orders in the amount of $910.50. This indicates that the judge's intent to impose costs against a defendant in all cases unless the judge crosses out the word "costs" on the form. Therefore, the deductions for Act 84 fees are appropriate and in accordance with the sentencing authority.
Petition for Review, Ex. L.

was not "made a party to such fines and costs at or after sentencing as the color of the law was to reflect at the time," thus raising a vague due process claim. Petition for Review, at 5. Saxberg further avers, rather vaguely, that a double jeopardy issue was created by the Department's unauthorized Act 84 deductions, since the Department could only have made such deductions pursuant to an order received after he was sentenced, and that such actions implicate the double jeopardy prohibition against multiple punishment for the same offense. Saxberg seeks "relief in the form of judgment against the ... defendants, for deductions made from [his] prison account through Act 84 when his Sentencing Order shows no fines or costs were ordered at the time of his sentencing." *Id.* at 1. Saxberg requests that this court grant the relief requested, specifically, that $910.50 be deposited into his inmate account within 30 days after the decision of this court, along with costs of the appeal.

█ In preliminary objections, the Department first objects on the ground that this court lacks subject matter jurisdiction over appeals from inmate grievances, citing *Portalatin v. Department of Corrections*, 979 A.2d 944 (Pa.Cmwlth.2009). The Department also avers that this court lacks jurisdiction to hear Saxberg's claims because a challenge under the double jeopardy clause implicates the legality of his sentence, which must be brought under the Post Conviction Relief Act, 42 Pa.C.S. § 9542, and further, that because it had no role in determining his sentence, the Department is not a proper party to such a challenge.

█ While we agree with the Department that we lack jurisdiction over appeals from inmate grievances, *see, e.g., Portala-*

*tin v. Department of Corrections*, we do not agree that the substance of his petition is an appeal from the denial of his inmate grievance. We also do not agree that Saxberg's petition is an illegal or improper attack on the underlying sentencing order, which he should have brought under a PCRA petition. The nature of Saxberg's challenge is that the sentencing court did not impose costs at the sentencing hearing nor did it expressly order any payment of costs in its written sentencing order, and that without such an express directive, the Department's deductions from his inmate account were unauthorized. Accordingly, we conclude that this matter is properly before us in our original jurisdiction. *Spotz v. Commonwealth*, 972 A.2d 125 (Pa. Cmwlth.2009). For these reasons, we overrule the Department's preliminary objection as to jurisdiction.

█ The Department demurs on the ground that Saxberg cannot prevail in his claim that costs were improperly deducted because Act 84 authorizes the deduction of money from the inmate's account where there is a court order imposing costs and here the sentencing order directed payment of costs insofar as it included the preprinted word "Costs," and the order was signed by the judge.[6] According to the Department, all of Saxberg's claims then fall away, because once it has in hand a sentencing order from the court imposing costs, it does not matter that the amount of costs was not specified, because this court has held that ministerial calculation is for the Clerk of Courts to perform. *Richardson v. Dep't of Corr.*, 991 A.2d 394 (Pa.Cmwlth.2010). Furthermore, the Department contends that Saxberg's due process claim fails because his sentencing

---

**6.** The Department also argues that it doesn't matter if the court did not orally impose costs from the bench at the sentencing hearing, as Saxberg alleges in his petition, because a written order of sentence "trumps any oral pronouncement of sentence." Department's Brief, at 8 (citation omitted).

hearing afforded him all of the process he was due prior to the initiation of Act 84 deductions. *Buck v. Beard,* 583 Pa. 431, 879 A.2d 157 (2005). Finally, the Department argues that there is no double jeopardy violation, because we have held that Act 84 is not penal in nature as it neither defines a crime nor imposes additional punishment against a defendant, but instead provides a procedure for the Department to collect court ordered obligations. *Russell v. Donnelly,* 827 A.2d 535 (Pa. Cmwlth.2003).[7]

■ Section 9728 directs the Department to develop guidelines for deductions from inmate personal accounts. In pertinent part, Section 9728 provides:

(a) General rule.

(1) Except as provided in subsection (b)(5), all restitution, reparation, fees, costs, fines and penalties shall be collected by the county probation department or other agent designated by the county commissioners of the county with the approval of the president judge of the county for that purpose in any manner provided by law.

. . .

(b) Procedure.

. . .

(3)The county clerk of courts shall, upon sentencing . . . transmit to the Department of Probation of the respective county or other agent . . . and to the county correctional facility to which the offender has been sentenced or to the Department of Corrections, whichever is appropriate, copies of all orders for restitution and amendments or alterations thereto, reparation, fees, costs, fines and penalties. This paragraph also applies in the case of costs imposed under section 9721(c.1) (relating to sentencing generally).

. . .

(5) The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1). Any amount deducted shall be transmitted by the Department . . . to the probation department of the county or other agent . . . of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728. Pursuant to Section 9728(b)(5), the Department issued Policy DC–ADM 005, which provides in pertinent part:

IV.D.2 The Business Office, through inmate deductions, makes:

a. Initial payments of 20% of the inmate's account balance; and

b. Subsequent payments of 20% of all of the inmate's monthly income provided that the inmate has a balance that exceeds $10.00.

---

**7.** We agree. While the double jeopardy prohibition against multiple punishments for the same offense serves to prevent the sentencing court from prescribing greater punishment than the legislature intended, *Commonwealth v. Andrews,* 564 Pa. 321, 768 A.2d 309 (2001), Act 84, not being penal in nature but a procedure allowing the Department to collect court ordered obligations, does not raise double jeopardy concerns. *Sweatt v. Dep't. of Corr.,* 769 A.2d 574 (Pa.Cmwlth.2001). We have also concluded that because Act 84 is a procedural provision, it may be applied retroactively. *Commonwealth v. Ralston,* 800 A.2d 1007 (Pa.Cmwlth.2002).

As Section 9728(b)(5) makes clear, the Department is only authorized to make monetary deductions from the inmate's account "for the purpose of collecting restitution *or any other court-ordered obligation* ...." 42 Pa.C.S. § 9728(b)(5) (emphasis added). In this case, the Department contends that the written sentencing order imposed costs on Saxberg and that this order authorized it to make Act 84 deductions from Saxberg's account. However, upon review of the order it is far from clear whether it did so. The order is a preprinted form, completed by hand as follows:

**SENTENCING ORDER**   Page _1_ of _1_

Dkt. No. _1369-1998_ OTN _F184920-1_   Date _3/19/99_
Defendant _JEFFREY NEAL SAXBERG_   Judge _Henge_
Offenses _Criminal Homicide #1_   D.A. _Stodgian_
G.P. ____ St. ____ Plea Agree. ____ Mod. ____   Def. Atty. _Meyer_
Nolo ____ N/Pros. ____ ARD ____ Sentencing _X_   Reporter _Snyder_
Re-sent ____ Sum. Appeal ____ Other ____   Clerk _Reese_

COUNT: 1  OFFENSE _Criminal Hom #1 1st degree Murder_ Not Pros ____ Merges with ____
Committed: ____ yr ____ mo ____ days ____ hrs TO ____ yr ____ mo ____ days
[X] Mandatory  Probation/ARD ____ yr ____ mo ____ days  SERVE AT LCP ____ SCI _X_
Sentence  Intermediate Punishment Program ____ **see additional sheet
[ ] Split  FINE ____ & Costs  CONC (cc) _life imprisonment w/o_
Sentence  RESTITUTION ____  CONS (cs) _possibility of parole_.

The Department appears to be arguing that because the word "Costs" is not crossed out, this indicates that the judge did indeed intend to impose costs.

We have not uncovered any cases which stand for the proposition advanced by the Department, although there are several cases which offer guidance. In *Commonwealth v. LeBar*, 860 A.2d 1105 (Pa.Super.2004), in spite of the fact that the sentencing order made no mention of the imposition of any court or prosecutions costs or other fees, the Department made Act 84 deductions. LeBar filed a motion to compel the Clerk of Courts of Monroe County and the Department to return the monies it had collected in violation of Act 84. In denying his motion, the trial court explained that while "the directive to pay costs ... was inadvertently omitted from the Sentencing Order ... [i]nasmuch as the costs are statutory in nature, Defendant's motion seeking return of monies collected is DENIED." *LeBar*, 860 A.2d 1105, 1108. On appeal, the Superior Court agreed that Act 84 gave the Department authority to collect court-ordered obligations, but further held that Act 84 did not authorize the clerks of court to assess those costs "where costs have not been explicitly provided for in that party's sentencing order." *Id.* at 1110. The court rejected the Commonwealth's argument that all of the costs collected by the Department were statutorily authorized by 18 P.S. § 11.1101,[8] which provides that a "person who pleads guilty ... or who is convicted of a crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) ... pay costs of at least $60 and may be sentenced to pay additional costs," and concluded that that section imposed only a mandatory $60 fee.

In *Spotz v. Commonwealth*, 972 A.2d 125 (Pa.Cmwlth.2009), Spotz had asserted, similarly to Saxberg herein, that the sentencing order did not expressly order any payment of costs, and that without such an express order, the Department was unauthorized to make deductions

---

**8.** Crime Victims Act, Act of Nov. 24, 1998,   P.L. 882, *as amended*, 18 P.S. § 11.1101.

from his account. In denying the respondents' preliminary objections in the nature of a demurrer, we reaffirmed the Superior Court's holding in *LeBar* that Act 84 authorized only the deduction of court-ordered, waivable costs, but that nonwaivable, statutorily mandated costs were deductible absent any express court order.[9]

With respect to the matter *sub judice*, and keeping in mind that we are faced with the Department's preliminary objections, accepting as we must all well-pled material allegations of Saxberg's petition as well as all inferences reasonably deducible therefrom, we are constrained to overrule the Department's objections. On the record before us, and without more, this court cannot determine whether the presence of the preprinted word "Costs," absent markings to strike the word, suffices to impose the payment burden or whether some additional mark must be made by the sentencing court to indicate affirmatively that costs are imposed. Given that fact, and inasmuch as the sentencing court did not orally impose costs at the sentencing hearing, as is often the case, *see generally*, *Commonwealth v. Mazer*, 24 A.3d 481 (Pa. Cmwlth.2011) (inmate sentenced at the hearing to costs of prosecution); *Richardson*, (at sentencing, judge ordered inmate to pay costs of prosecution), we cannot determine with certainty at this point that Saxberg will not prevail under the law.[10] Accordingly, we overrule the Department's preliminary objection in the nature of a demurrer.

Lastly, the Department objects on the ground that Saxberg's petition for review fails to conform to Pa. R.A.P. 1513(c), which requires a petition for review to be divided into consecutively numbered paragraphs, with each paragraph containing

9. In *Boyd v. Department of Corrections*, 831 A.2d 779 (Pa.Cmwlth.2003), we held that the Department did not need an order authorizing the "act itself" of making Act 84 deductions, and that it had properly relied on a Court Commitment order, Form DC–300B, to make the deductions. Then in *Herrschaft v. Department of Corrections*, 949 A.2d 976 (Pa. Cmwlth.2008), we agreed that the Department could make deductions relying on a Court Commitment order, Form DC–300B, and a cost summary sheet pursuant to the Superior Court's reasoning in *LeBar*, that as they were statutorily imposed, those costs were deductible absent an express court order. In those cases, however, the inmate did not dispute that the sentencing court imposed costs in the first place, *Boyd*, or that the costs were imposed pursuant to statutory authority, *Herrschaft*. Similarly, in *Spotz*, the court noted that the inmate admitted that a portion of the costs which had been deducted were statutorily mandated, non-waivable costs for which no court order was required and was not seeking reimbursement of those costs. 972 A.2d 125, 134 n. 13. Examples of statutorily mandated, non-waivable costs include the Domestic Violence cost (Act 44 of 1988) found in the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 611.13; the Crime Victims cost (Act 96 of 1984), found in Section 1101 of the Crime Victims Act, Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. § 11.1101; the DNA Detection Fund cost (Act 185 of 2004), 42 Pa.C.S. § 2322. While we acknowledge that these types of costs do not require an express court order, we point out that in the matter *sub judice*, these types of costs are not at issue before us on preliminary objections of the Department.

10. Furthermore, as can be seen from the cases cited *infra*, there are certain statutorily mandated costs which are non-waivable and may be assessed without court order; however, we are unable to determine from the record whether any of the $910.50 includes such costs. Nor is it clear that a sentencing order imposing such costs does not exist, as the Department indicated in the Final Appeal Decision from Saxberg's inmate grievance, attached as Exhibit L to Saxberg's petition, specifically, that "[t]he sentencing *orders* do, in fact, order you to pay court costs. The word "costs" is written on the sentencing orders in the amount of $910.50" (emphasis added).

only one material allegation. The Department argues that only the first eleven paragraphs are numbered, and after that, the petition is in the style of a brief. Accordingly, because a petition for review in the form of a brief precludes the filing of a comprehensible answer, we sustain the Department's preliminary objection and order the defendant to file an amended petition conforming to Rule 1513(c).

## ORDER

AND NOW, this 25th day of April, 2012, the Preliminary Objections of the Department of Corrections are sustained in part, and overruled in part, in accordance with the reasoning in the foregoing opinion. The Petitioner is directed to file an amended petition in conformance with Pa. R.A.P. 1513(c) within 20 days of the date of this order. The Department is directed to file an answer in this matter within 30 days of service of Petitioner's amended petition for review.