**Lewicki v. Washington County.**

*John C. Brzustowicz,* for plaintiff.

*Robert J. Grimm* and *David E. Holland,* for defendant.

ODELL-SENECA, *J.,* February 12, 2013—Before this court are the preliminary objections in the Nature of Demurrer and motion for sanctions that Washington County, the Washington County Tax Claim Bureau, and Treasurer Francis King jointly filed on November 26, 2012. Defendants P.S. Hysong and Sean Lewis joined

fully in the said preliminary objections[1] and motion for sanctions three days later.

## Background

According to the Lewickis' October 15, 2012 complaint, they are brothers and co-owners of a certain 48.9 acres of realty, in Canonsburg, Pennsylvania. See complaint at 3.

The Lewickis allege that Washington County, via its tax claim bureau and Treasurer King, alienated the subject realty from them via a tax sale on September 19, 2000, for delinquent taxes totaling $2,063.45; that the county defendants failed to provide the plaintiffs with legal and proper notice of the tax sale, because they mailed notice of it only to Robert Lewicki, whom the county defendants knew suffered (and continues to suffer) from diminished mental capacity; that, at tax sale, Ms. Hysong paid $8,100.00 for the realty and recorded her January 17, 2001 deed to same on January 26, 2001; that Ms. Hysong initiated a quiet title action against the Lewickis in this court on March 1, 2001; and that her action proceeded to judgment for Ms. Hysong, to wit, senior judge John F. Bell held for this court that said tax sale:

> was a valid and proper tax sale and that sale served to divest the defendants (i.e., the Lewickis) of all right, title and interest in the property known as 44 Lewicki

---

1. In their filing, Hysong and Lewis raised an additional preliminary objection to this court's jurisdiction for a want of service upon them. However, they neither discussed this issue in their brief nor mentioned it at oral arguments. This court cannot speculate as to the basis of parties' arguments or provide legal theories for them; therefore, issues unsupported by accompanying arguments are waived. *Van Duser v. Unemployment Compensation Board of Review*, 642 A.2d 544 (Pa. Cmwlth. 1994). Hysong and Lewis' preliminary objection to jurisdiction is waived, because they have not advanced an argument to support it.

Road, the plaintiff (i.e., Ms. Hysong) is the sole and exclusive fee [sic] title owner of this property by virtue of the above-noted tax sale, and the plaintiff is entitled to exclusive possession of the premises and the defendants and all those claiming an interest in the property through and under them are directed to vacate the premises within thirty (30) days of the date of this order.

*Id.* at 3, 8, 13. The Lewickis raise four counts[2] in their complaint, seeking declaratory and equitable relief and damages in excess of $1,000.000.00 from all defendants. *Id.* at 17-36.

## Scope and Standard of Review

The scope of review for preliminary objections is limited. This court is to examine only the complaint and must "accept as true all well-pleaded material allegations...as well as all inferences reasonably deduced therefrom." *Saxberg v. Pa. Dept. of Corrections*, 42 A.3d 1210, 1211 (Pa. Cmwlth. 2012). The standard for review is strict; it disfavors the objecting party. "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

## Analysis

### I. Defendants' Preliminary Objections

2. The four counts are (1) a petition for writ of *Audita Querela*, (2) a petition for writ of [error,] *Coram Nobis*, (3) [Declaratory judgment that senior] judge Bell's order is void based upon constitutional grounds, and (4) Declaratory and equitable relief for deprivation of property without due process and equal protection in violation of article I §1 of the constitution of the Commonwealth of Pennsylvania and the Fifth and the Fourteenth Amendments of the United States constitution. See Complaint at 17, 20, 23, and 26.

The defendants' preliminary objections are twofold: (1) Plaintiffs, having petitioned for a writ of audita querela and a writ of error, coram nobis, seek relief that no longer exists in Pennsylvania and (2) the affirmative defense of res judicata as to the entire action. Pennsylvania rule of civil procedure 1028 governs preliminary objections and limits them to eight grounds. The defendant's ripe preliminary objections are both based upon Pa. R.C.P. 1028(a)(4) — the legal demurrer.[3]

A. Demurrer to the Petitions for Writs of Audita Querela and of Error, Coram Nobis.

In their preliminary objections, defendants assert that the petitions are "nothing more than the plaintiffs' attempt to exploit obscure procedural mechanisms for the purpose of obtaining a form of extraordinary relief to which they are not entitled," and plaintiffs "rely on outdated, outmoded writs which generally only figure in criminal proceedings, whether petitioned for in state or Federal Court." Preliminary objections in the nature of demurrer and motion for sanctions at 4. In their brief, defendants cite Federal Rule of Civil Procedure 60(e) and various rulings from the United States Court of Appeals for the Third Circuit to suggest that writs of audita querela and of error, coram nobis, are no longer available in civil matters. Aside from all of this having absolutely no bearing on Pennsylvania law or the Pennsylvania rules of civil procedure, defendants, at oral argument, conceded that

---

3. Pennsylvania rule of civil procedure 1028 reads, in pertinent part:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
* * * * *
(4) Legal insufficiency of a pleading (demurrer)....

neither of the prayed-for writs is obsolete or abolished in this Commonwealth.

Indeed, that concession proves prudent on defendants' part, because this court's research reveals that both the writ of audita querela and the writ of error, coram nobis, have always existed in Pennsylvania law, though petitioners have rarely (if ever) availed themselves of them. The writs now sought were a part of the English common law that existed within the Colony of Pennsylvania on May 14, 1776, and are therefore incorporated into the corpus of our law by the general assembly. See 1 Pa. C.S. §1502(a).

The Supreme Court of Pennsylvania has repeatedly acknowledged the existence of these writs. "Both of these forms of proceedings are allowed in our practice (though seldom used), and therefore the parties may resort to them, if they do not think proper to abide by the discretion of the court below." *Merchants' Ins. Co. v. De Wolf*, 33 Pa. 45, 46, (1859) (parens in original). "If his defense to the execution [of a judgment] be legal, such as payment, release, or as we have lately held, bankruptcy, his proper remedy is by audita querela." *Gordonier v. Billings*, 77 Pa. 498, 502 (1875). And, where the Chancellor issued a writ of error, coram nobis, to the judges of the Philadelphia trial court, "the writ of error in the same court (coram nobis or vobis) was a very proper way of having the fact of the defendant's death put upon the record and established." *Wood's Executor v. Colwell*, 34 Pa. 92, 95 (1859) (parens in original). These remain binding precedents over 150 years later.

As the writ of audita querela and writ of error, coram nobis, remain permissible forms of civil actions in

Pennsylvania, the defendants' first preliminary objection must be overruled.

B. Demurrer Based upon Affirmative Defense of Res Judicata.

Defendants, demurring to plaintiffs' entire case on the grounds of res judicata, assert that both said quiet title action and also a separate action in the United States district court for the Western District of Pennsylvania bar the current matter. Preliminary objections in the nature of demurrer and motion for sanctions at 6. Defendants allege that plaintiffs brought an identical federal action against them on April 28, 2010. See *Id.* at Ex. C.

Generally, affirmative defenses, like res judicata, are only raised in new matter. See Pennsylvania rule of civil procedure 1030(a). For res judicata to be asserted, specific facts must be of record from the prior proceeding, and, ordinarily, plaintiffs' complaints:

do not contain, and cannot properly be made to contain, the facts essential to the requisite comparison between the two suits. But, where...the plaintiffs' complaint sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit [sic] the question of res judicata may properly be raised by preliminary objections.

*Keily v. J.A. Cunningham Equipment, Inc.* 387 Pa. 598, 601, 128 A.2d 759, 760 (1957). Thus, in order to reach the merits of res judicata via preliminary objection, this court, confined, as it is, to its narrow scope of review, must find that the complaint and its exhibits, standing alone, pled all of the res judicata elements from the prior suits.

Res judicata may be asserted in either or both of two forms: technical res judicata and/or collateral estoppel. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa. Cmwlth. 2001). Defendants have raised only technical res judicata. Preliminary objections in the nature of demurrer and motion for sanctions at 5. The Commonwealth Court of Pennsylvania held:

> Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.

*J.S. v. Bethlehem Area School Dist.*, 794 A.2d 938, 939 (Pa. Cmwlth. 2002) (citations omitted). This is a conjunctive test. If one of the four elements is not satisfied as to any defendant, then the affirmative defense is unavailable as to that defendant.

The plaintiffs have pled all four elements from the quiet title action, because plaintiffs' exhibit 8 makes them of record. See complaint at Ex. 8. According to senior judge Bell's opinion, the thing sued for was title to 44 Lewicki Road, Canonsburg, Pennsylvania. *Id.* at p.4. The cause of action "was initiated as a quiet title action following a tax upset sale of real property." *Id.* at p.1. The parties were P.S. Hysong, plaintiff, and Robert Allan Lewicki and

Joseph William Lewicki, Jr., defendants, and the capacity of those parties were as adult individuals, suing and sued in their own rights. *Id.*

On the other hand, nowhere in the complaint or its exhibits do plaintiffs mention a separate cause of action in the federal courts. Thus, there is no competent evidence of record concerning a federal suit. Such an action, if it occurred at all, is beyond this court's current scope of review, and whatever effect it may have upon the instant suit as res judicata cannot properly be examined for purposes of this preliminary objection.

Turning, then, to whether the quiet title action acts as res judicata, the caption of senior judge Bell's opinion reveals that his judgment was only between defendant Hysong (plaintiff in said action) and the Lewickis (defendants in said action). See complaint at Ex. 8. Hence, party identity is established between that action and the instant one, as to Ms. Hysong. However, Washington County, its tax claim bureau, Treasurer King, and Sean Lewis were obviously not parties to the judgment of the quiet title action. Ergo, they lack party identity between the same and the case sub judice. *Id.* Lacking this element, those four defendants may not avail themselves of the defense of res judicata from the quiet title action. Thus, the preliminary objections of Washington County, its tax claim bureau, Treasurer King, and Sean Lewis, based upon the doctrine of res judicata, must be overruled.

As to Ms. Hysong, in the suit at bar, plaintiffs have sued her for title to the same realty for which she sued them in her quiet title action, i.e., 44 Lewicki Road, Canonsburg, Pennsylvania. Complaint at 3. Thus, there is

identity of the sued-for thing. Moreover, Ms. Hysong, as an adult individual in her own right, sued the plaintiffs as adult individuals in their own rights, in her quiet title action. See complaint at Ex. 8. Here, the plaintiffs, as adult individuals in their own rights, have sued Ms. Hysong, as an adult individual in her own right. See Complaint at 1. Ergo, there is identity of capacities in the quiet title action and the matter before this court.

This leaves only the question of whether the causes of action between the two suits are identical. Causes of action are identical if "the ultimate issues in the old and new proceedings" are the same. *Henion v. W.C.A.B. (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa. Cmwlth. 2001). A quiet title action is a "proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it." **BLACK'S LAW DICTIONARY** (8th ed. 2004), "action to quiet title" at 32. Hence, the ultimate issue of the quiet title action was who — Ms. Hysong or the Lewickis — owned title to the realty in question.

Count I of the instant complaint is a petition for writ of audita querela. That writ is:

> ...to be delivered against an unjust judgment or execution, by setting them aside for some injustice of the party that obtained them, which could not be pleaded in bar to the action. It is a remedial process, which bears solely on the wrongful acts of the opposing party, and not upon the erroneous judgments or acts of the court.

I William Wait, *A Treatise upon Some of the General Principles of the Law* §1 at 489 (1885) (citations omitted).

It follows, then, that the ultimate issue of an audita querela action is a prior plaintiff's unlawful conduct in executing her judgment. Who owns title is not at issue. Instead, this court is asked ultimately to determine whether Ms. Hysong violated the law by her manner of execution. Therefore, the cause of action in Count I and the quiet title action are not the same. Ms. Hysong's res judicata preliminary objection must be overruled, as to Count I of the complaint.

Count II of the instant complaint is a petition for writ of error, Coram Nobis. The writ of error, coram nobis:

> lies in the same court where the judgment was given, when the error was not for any fault in the court, but for some defect, in the process of the cause, other than in the judgment, or for default in adjudging execution, or for misprision of the clerk, or for error in fact, in which cases, the writ may be in the same court, except where such error is in the Exchequer. But if there is error in law, or in the judgment of the court, then the writ lies to a superior court.

*Day v. Hamburgh*, I Brown 75, 78 (C.C.P. Philadelphia, 1808). As with plaintiffs' petition for writ of Audita Querela, title to realty is not the issue of a writ-of-error-coram-nobis action. To be successful, the Lewickis must prove an error in fact[4] as to the quiet title action. If this writ issues, it will nullify the quiet title action ad initio. Hence, it does not relitigate same on its merits. Thus, as to Count II, Ms. Hysong's res judicata preliminary objection must be overruled.

---

4. An "error in fact" has a very specific meaning under the common law. It is one not brought into issue in the prior action, which, if proven true and if it had been brought into issue, would have obviously led to a different judgment. See 3 Black. Com 406, note 4 (1765-1769).

Finally, Counts III and IV of plaintiffs' complaint are actions for declaratory judgment based upon various constitutional grounds. In Pennsylvania, this form of action derives from our declaratory judgments act. 42 Pa. C.S. §7531, et seq. That statute and others like it permit "parties to bring an action to determine their legal rights and positions regarding a controversy not yet ripe for adjudication...." **BLACK'S LAW DICTIONARY** (8th ed. 2004), "declaratory-judgment act" at 439. In both "Wherefore" clauses to Counts III and IV, plaintiffs pray that this court declare that they possess the realty in question. The legal rights and positions of the parties concerning possession of realty is simply another way of seeking a declaration of title to that realty. See **BLACK'S LAW DICTIONARY** (8th ed. 2004), "title" at 1522. As the ultimate issues in these declaratory judgment actions are who holds title to the realty in question and such was the ultimate issue in the quiet title action, there is identity of causes of action as to Counts III and IV. Therefore, Ms. Hysong's res judicata preliminary objection must be sustained as to Counts III and IV of plaintiffs' complaint, and they are to be dismissed with prejudice as to her.

## II. Defendants' Motion for Sanctions

The defendants' motion for sanctions is a request of attorneys' fees and costs, based upon 42 Pa. C.S. §2503(9).[5] That statute is our Commonwealth's prohibition against frivolous lawsuits. Given that their complaint has survived preliminary objections more-or-less intact, this

---

5. 42 Pa. C.S. §2503(9) provides, in pertinent, "The following pa - ticipants shall be entitled to a reasonable counsel fee as part of the tax- able costs of the matter...(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter of otherwise was arbitrary, vexatious or in bad faith."

court cannot find plaintiff's lawsuit to be frivolous, and defendants' motion for sanctions must therefore be denied. According, this court enters the following:

## ORDER

And now, February 12, 2013, it is hereby ordered, adjudged, and decreed that, as to defendant P.S. Hysong, her preliminary objection based upon res judicata is sustained, in part, and overruled, in part, to wit, Counts III and IV of plaintiffs' complaint are dismissed with prejudice as to said defendant P.S. Hysong; that all of the other preliminary objections are overruled or waived; and that defendants' motion for sanctions is denied.