# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geoffrey Elkington,              :
              Petitioner    :
                        :
        v.              :     No. 478 M.D. 2018
                        :     Submitted: January 25, 2019
Department of Corrections,    :
              Respondent   :

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE ROBERT SIMPSON,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: June 3, 2019**

Presently before the Court are the Preliminary Objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections (Department) to Geoffrey Elkington's (Elkington) Petition for Review (Petition) in this Court's original jurisdiction. Elkington's Petition challenges the Department's deductions from Elkington's inmate account for alleged court costs. For the reasons that follow, we overrule the Department's Preliminary Objections and direct the Department to file an answer to the Petition for Review.

Initially, we note that when ruling on preliminary objections in the nature of a demurrer, this Court must accept all well-pleaded material allegations in the Petition, and any inferences reasonably deduced therefrom, as true. *Portalatin v. Dep't of Corr.*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). In order to sustain the

Preliminary Objections, "it must appear with certainty [that] the law will not permit recovery; any doubt must be resolved by a refusal to sustain the demurrer." *Oakman v. Dep't of Corr.*, 893 A.2d 834, 836 n.7 (Pa. Cmwlth. 2006).

The facts as averred in Elkington's Petition are as follows. The Court of Common Pleas of Chester County (trial court) sentenced Elkington on December 16, 2010, to 25- to 50-years' imprisonment. (Petition ¶¶ 1-2.) On January 23, 2018, the Department notified Elkington that it would begin to take a 20-percent deduction from his inmate account for court costs totaling $2,974.35, and it started those deductions on June 7, 2018.[1] (*Id.* ¶¶ 4, 7.) The Department justified the deductions for court costs by referencing the DC-300B Commitment Form and Sentencing Sheets in the Department's possession. (*Id.* ¶ 5.) Elkington filed a grievance contesting these deductions and exhausted his administrative remedies. (*Id.* ¶ 6.) Elkington alleges that the trial court expressly stated at the time of his sentencing that it would not order the payment of costs or fines, and no official sentencing order exists to support the Department's contention otherwise. (*Id.* ¶ 8.) Elkington alleges that a request under the Right-to-Know Law[2] revealed that no sentencing order exists, and his requests to the trial court for a transcript of the sentencing hearing revealed that no transcript exists either. (*Id.* ¶ 12.) Elkington asserts that the Sentencing Sheets and DC-300B Commitment Form are not sentencing orders. Even if they were, the Department of Corrections does not have the authority to collect costs that are not specifically ordered by the trial court, as set forth in Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5), commonly referred to

---

[1] Elkington also avers that as of June 2011, the Department began deducting 10 percent of his income to satisfy his obligation to the Crime Victim Compensation Fund, but Elkington does not dispute these deductions. (Petition ¶ 3.)

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

as Act 84. (Petition ¶¶ 9-10.) Section 9728(b)(5) provides generally that the Department "shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation." 42 Pa. C.S. § 9728(b)(5). Elkington requests an interlocutory order requiring the Department to stop making deductions until a valid sentencing order or transcript from the sentencing hearing is produced showing that he was ordered to pay costs. (Petition ¶ 13.) Further, Elkington seeks the return of the funds that he contends were improperly deducted from his account for these court costs, as well as full restitution of costs incurred in filing the grievances and this action, and punitive damages. (*Id.* ¶ 14.) Attached to Elkington's Petition is his filed grievance and related appeals.

In response, the Department filed the instant Preliminary Objections, asserting that Elkington failed to state a claim upon which relief can be granted because the Department was authorized to take the deductions under Sections 9721(c.1) and 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. §§ 9721(c.1), 9728(b)(5). Attached to the Preliminary Objections are the Sentencing Sheets and the DC-300B Commitment Form, both of which list the charges upon which Elkington was found guilty and the sentence imposed.[3] The Sentencing Sheets are pre-printed forms filled

---

[3] As a general rule, this Court is limited to considering the facts as alleged within a petition for review when ruling on preliminary objections, and the moving party's attempts to supply missing facts from the petition for review constitutes an impermissible "speaking demurrer." *Armstrong Cty. Memorial Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). However, a limited exception to this rule exists where the petitioner has averred "the existence of a written agreement and relies upon it to establish his cause of action." *Id.* In those circumstances, the responding party may attach the agreement, and this Court may consider it, as "the agreement is a factual matter arising out of the complaint itself." *Id.* at 170-71 (citation omitted). Accordingly, we can consider the Sentencing Sheets and DC-300B Commitment Form referenced in Elkington's Petition and attached to the Department's Preliminary Objections.

in by hand and signed by both the trial court judge and the clerk of courts on December 16, 2010. On the first page of the Sentencing Sheets, a handwritten notation dated January 4, 2011, appears on the side of the page and states "Cost[s] - $3034.35." (Preliminary Objections, Ex. A.) For each count for which Elkington was sentenced, the Sentencing Sheet has a pre-printed space reading "Fine ___," through which someone has handwritten a dash, and the pre-printed word "Costs," around which a pre-printed box appears.[4] The DC-300B Commitment Form lists on the first page Elkington's mandatory and maximum sentence for confinement on the first charge and lists under the heading "Cost" an amount of $2,974.35. (Preliminary Objections, Ex. B.) The remaining pages on the DC-300B Commitment Form list $0.00 in costs for the sentences on the remaining charges. The Department asserts that the Sentencing Sheets and DC-300B Commitment Form show the imposition of costs, and there is no indication in these documents that the trial court waived those costs.

Elkington filed a reply to the Preliminary Objections, maintaining that there is no sentencing order in existence to support the Department's position; thus, the deductions were not permissible under Act 84 because they were not court-ordered.

In its brief in support of the Preliminary Objections, the Department argues that it is required to assess these costs against Elkington under Section 9728(b)(5) after the trial court imposes the costs and the county clerk calculates the amount. In the Department's view, the Sentencing Sheets with the pre-printed box around the word "Costs," and the DC-300B Commitment Form reporting an amount of court costs on page one demonstrate that the trial court did not waive court costs.

_____

[4] The final page of the Sentencing Sheet has unused portions of the form for additional counts that confirm the box appearing around the word "Costs" is pre-printed on the form. (Preliminary Objections, Ex. A.)

4

Although the Department asserts in its Preliminary Objections that the costs were imposed pursuant to Section 9721(c.1), which requires that a defendant pay costs even where the sentencing "court fails to issue an order for costs," the Department does not develop this argument in its brief. 42 Pa. C.S. § 9721(c.1). The Department asks this Court to dismiss Elkington's Petition.

Elkington responds that he has asserted a claim upon which relief can be granted for the Department's unlawful deduction of costs from his inmate account. According to Elkington, there is no valid sentencing order or transcript of the sentencing hearing to support the Department's position, and the Sentencing Sheets and DC-300B Commitment Form likewise do not establish that the trial court imposed costs in his case. Although acknowledging that the Department has the authority to collect court-ordered costs under Act 84, Elkington argues that the trial court did not order these costs. Rather, Elkington asserts that the trial court explicitly stated otherwise during the sentencing hearing. Citing to *Saxberg v. Pennsylvania Department of Corrections*, 42 A.3d 1210 (Pa. Cmwlth. 2012), Elkington argues that the Sentencing Sheets with the printed box around the word "costs" do not suffice as evidence that the trial court imposed costs, particularly because the box is pre-printed on the form. Further, Elkington contends that the handwritten total amount of costs appearing on the Sentencing Sheets was added after the trial court judge and the deputy clerk signed them. With regard to the DC-300B Commitment Form, Elkington contends that this Court has only found that form to be sufficient evidence of the imposition of costs where the inmate did not dispute that the trial court had imposed the costs. (Elkington's Brief at 4 (citing *Boyd v. Pa. Dep't of Corr.*, 831 A.2d 779 (Pa. Cmwlth. 2003)).) Elkington requests that this Court overrule the Preliminary Objections.

5

Initially, we begin with the relevant statutory sections governing a sentencing court's imposition of costs and the Department's authority to collect costs. Section 9728(b)(5) provides in relevant part that "the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under [S]ection 9721(c.1)."[5] 42 Pa. C.S. § 9728(b)(5). Section 9721(c.1) provides that

> [n]otwithstanding the provisions of Section 9728 . . . the [sentencing] court shall order the defendant to pay costs. In the event the [sentencing] court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section.

42 Pa. C.S. § 9721(c.1). Therefore, the Department is authorized to collect costs under Section 9728(b)(5), and it may collect costs even in the absence of a court order affirmatively requiring as much pursuant to Section 9721(c.1). However, Section 9721(c.1) became effective on December 27, 2010, and Elkington was sentenced on December 16, 2010; thus, that section may not be used to justify the Department's collection of costs. *Rega v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 244 M.D. 2017, filed Jan. 31, 2018).[6] As this Court concluded in *Rega*, in which we considered preliminary objections filed by the Department similar to those filed here, the Department "cannot rely upon Section 9721(c.1) to excuse the absence of a court order" for a defendant sentenced prior to enactment of Section 9721(c.1) "because such application would constitute an ex post facto law." *Rega*, slip op. at 7-8. We

---

[5] The portion of Section 9728(b)(5) referencing costs imposed under Section 9721(c.1.) was added in 2010, at the time that Section 9721(c.1) was added to the Sentencing Code.

[6] *Rega*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

reasoned that the provision was penal in nature because it imposed greater punishment on those defendants sentenced prior to Section 9721(c.1) by authorizing the collection of costs beyond those that are court-ordered. *Id.* at 8. Further, we noted in *Rega* that the Department's own policy recognizes this limitation, as that policy provides that "for inmates sentenced prior to December 26, 2010, court costs are **not collectible unless they were specifically ordered** by the court." *Id.* at 8 n.9 (citing DC-ADM 005 § 3(A)(2)(b)(2)(a)) (emphasis added)). Because we were required to accept the petitioner's "averment that the cost and fees were not court-ordered as true" and the matter arose prior to the enactment of Section 9721(c.1), we overruled the preliminary objection. *Id.* at 9. Our reasoning in *Rega* is persuasive here. Thus, to the extent the Department relies upon Section 9721(c.1) to justify its collection of costs, we disagree that this provision supports the Department's demurrer. Because Elkington was sentenced prior to the effective date of Section 9721(c.1), the Department's authority to deduct costs from Elkington's inmate account is governed by the remaining provisions of Section 9728(b)(5).

Accordingly, we turn to Section 9728(b)(5) to determine whether that provision, as the Department argues, grants it the authority to deduct the costs from Elkington's inmate account and precludes Elkington from stating a claim upon which relief may be granted. Section 9728(b)(5) states that the Department may deduct income for "court-ordered obligation[s] or costs." 42 Pa. C.S. § 9728(b)(5). The Department contends that it is authorized to deduct the costs in this case by the Sentencing Sheets and DC-300B Commitment Form and, therefore, Elkington's Petition should be dismissed. Elkington responds that the Sentencing Sheets and DC-300B Commitment Form cannot take the place of a valid sentencing order, particularly where no such sentencing order or transcript of the sentencing hearing

7

exists to support the imposition of costs. Elkington asserts that the costs being deducted were never court-ordered.

On the face of the Petition, we cannot definitively say at this early stage that the costs were court-ordered and Elkington has not stated a claim. This case is similar to our decision in *Spotz v. Commonwealth*, wherein we overruled the Department's preliminary objections to a petitioner's challenge to the deduction of funds from his account. 972 A.2d 125 (Pa. Cmwlth. 2009). The petitioner in *Spotz* challenged the Department's Act 84 deductions and asserted in his petition for review that there was no court order imposing the costs that were being deducted by the Department. The Department filed preliminary objections, relying upon its authority under Section 9728(b) and arguing that the petitioner's DC-300B commitment form could be used to establish a sentencing court's order for costs. *Id.* at 130-31. This Court overruled the Department's preliminary objections. While acknowledging that this Court had concluded in *Boyd*, 831 A.2d at 783 n.6, that a DC-300B commitment form was sufficient evidence of court-ordered costs in that case, we distinguished *Boyd* because the petitioner there did not dispute that the costs had been court-ordered. *Spotz*, 972 A.2d at 131. Further, we explained that any costs that were not statutorily required could be imposed only at the discretion of the sentencing court under Section 9728; thus a court order was required before the Department could collect them. *Spotz*, 972 A.2d at 133. In so holding, we adopted the Superior Court's analysis of Act 84 set forth in *Commonwealth v. LeBar*, 860 A.2d 1105 (Pa. Super. 2004), wherein that court held that, pursuant to Section 9728(b)(5), court-ordered waivable costs can **only** be deducted pursuant to a court order, but nonwaivable statutorily mandated costs can be deducted without a court order. *Spotz*, 972 A.2d at 134.

Following *Spotz*, we again overruled preliminary objections filed by the Department in *Saxberg*. The petitioner in *Saxberg* challenged the Department's deduction of costs from his inmate account, asserting that these costs were not court-ordered and appeared only on a Department sentence status summary form. *Saxberg*, 42 A.3d at 1212. Like Elkington, the petitioner in *Saxberg* argued that in the absence of a sentencing order or a statement during a sentencing hearing imposing costs, the Department was not authorized to make the deductions. *Id.* The Department filed preliminary objections on various grounds, including a demurrer, arguing that the deductions were authorized under Act 84. Further, the Department argued that a court order signed by the sentencing judge with the pre-printed word "costs" appearing on it demonstrated that costs were court-ordered. *Id.* at 1213. Looking to the language of Section 9728(b)(5) and relying upon *Spotz* and *LeBar*, we reiterated that the Department could only collect court-ordered costs and concluded it was unclear at this procedural stage whether the costs in dispute were court-ordered. *Saxberg*, 42 A.3d at 1214-15. We included in our opinion the pre-printed sentencing order form that had been filled in by hand, which included the word "Costs," but lacked any further markings. *Id.* at 1215. Therefore, in order for the Department to prevail on preliminary objections, it had to be clear that the costs at issue were court-ordered. We held it was not. "On the record before us, and without more," we concluded, "this [C]ourt cannot determine whether the presence of the pre-printed word 'Costs,' absent markings to strike the word, suffices to impose the payment burden or whether some additional mark must be made by the sentencing court to indicate affirmatively that costs are imposed." *Id.* at 1216. Given this, and that the petitioner averred that costs were not orally imposed during the sentencing hearing, we overruled the Department's preliminary objections on this

point, as we could not "determine with certainty at this point that [petitioner] will not prevail under the law." *Id.*

As in *Spotz* and *Saxberg*, we are constrained to overrule the Department's Preliminary Objections here. Elkington asserts that the costs for which the Department deducted income were not court-ordered, neither in a sentencing order nor during his sentencing hearing. The Department's evidence to the contrary are the Sentencing Sheets with a pre-printed box around the word "costs" and the DC-300B Commitment Form. However, in accordance with *Saxberg*, the pre-printed box around costs, without any further markings, cannot suffice at this procedural stage as conclusive evidence that costs were court-ordered. Further, the Department's reliance upon the DC-300B Commitment Form is insufficient on preliminary objections to establish the existence of court-ordered costs where Elkington disputes that such costs were ever ordered by the trial court in the first place. *Spotz*, 972 A.2d at 131. While the Department asserts that the Sentencing Sheets and DC-300B Commitment Form do not show that the trial court waived the costs, the question before us is not whether the trial court waived the costs but whether the payment of costs was **ever ordered** by the trial court. It is unclear from the Petition whether the costs in question were court-ordered, and the Department's authority to deduct the costs from Elkington's inmate account is dependent upon whether the payment of those costs was, in fact, court-ordered. As a result, we cannot "determine with certainty at this point that [Elkington] will not prevail under the law." *Saxberg*, 42 A.3d at 1216.

10

Because we must resolve any doubt by refusing to sustain the demurrer, *Oakman*, 893 A.2d 836 n.7, we must overrule the Department's Preliminary Objections and order the Department to file an answer to Elkington's Petition.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geoffrey Elkington,                   :

           Petitioner       :

                                  :

           v.                :     No. 478 M.D. 2018

                                  :

Department of Corrections,      :

           Respondent    :

# **O R D E R**

**NOW**, June 3, 2019, the Preliminary Objections of the Department of Corrections (Department) are **OVERRULED**. The Department is directed to file an answer in this matter within thirty (30) days of the date of this Order.

_____
**RENÉE COHN JUBELIRER,** Judge