IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Obrian S. Lewis,                                :
                    Petitioner       :
                                        :
                  v.                           :
                                          :
Laurel Harry Superintendent,           :
Department of Corrections,              :
SCI-Camp Hill Business Office,         :
Lee Estock Superintendent D.O.C.,    :
SCI Pine Grove Business Office,        :
George Little, Secretary of D.O.C.,    :
and Attorney General of PA,             :   No. 21 M.D. 2023
                  Respondents   :   Submitted: November 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                FILED: December 10, 2024

Obrian Lewis (Inmate) has filed a petition for review (Petition) in this Court's original jurisdiction. He seeks the return of money deducted from his inmate account to pay costs associated with his criminal convictions. Before the Court for disposition are an application for relief in the form of judgment on the pleadings filed by Inmate and a cross-application filed by Respondents, Laurel Harry Superintendent of the State Correctional Institution (SCI)-Camp Hill Business Office; Lee Estock, Superintendent of the SCI-Pine Grove Business Office; George Little, Secretary of the Department of Corrections (DOC); and the Attorney General of Pennsylvania (collectively, DOC). Because we conclude that Inmate's claim is

barred by the applicable statute of limitations, we deny Inmate's application, grant the DOC's cross-application, and dismiss the Petition with prejudice.

In September 2017, Inmate received two consecutive life sentences plus a sentence of 14.5 to 29 years on a total of nine criminal convictions, including convictions of two first degree murders. Pet., ¶ 1. The sentencing order included a directive that Inmate pay costs in an unspecified amount and restitution in the amount of $18,399.72. *Id.*, ¶ 2. Inmate acknowledges that he is statutorily required to pay a crime victim compensation fee of $60.00, but asserts that the clerk of the Montgomery County Court of Common Pleas (sentencing court) improperly directed the DOC to collect $100.00 per conviction for a total of $900.00. *Id.*, ¶¶ 3-9. Inmate avers that $840.00 was in excess of the statutory requirement in the absence of specific inclusion in the sentencing order and must be returned to him.[1]

The DOC began taking deductions from Inmate's account for payments of the victim compensation fee in November 2017. Pet., Ex. A at 2. The $900.00 total was paid in full as of February 27, 2019. Pet'r Mt. for J. on the Pleadings, Ex. 5. In 2022,[2] Inmate filed a grievance with the DOC seeking a refund of the deducted funds, which was denied. Pet., Ex. A. In January 2023, Inmate filed the Petition with this Court. In its new matter filed with its answer to the Petition, the DOC asserts, in pertinent part, that Inmate's claim is barred by the applicable statute of limitations. We are constrained to agree.

---

[1] In his grievance filed with the DOC prior to filing the Petition, Inmate asserted that because there were only two victims, he should be charged only $60.00 per victim or a total of $120.00; he therefore requested the return of $780.00 of the $900.00 that had been withdrawn from his inmate account. Pet., Ex. A at 2. However, in later filings, Inmate revised his demand and now seeks to recover $840.00, contending he should have been charged only a single fee and only in the amount of $60.

[2] The date on the copy of Inmate's grievance form attached to the Petition is illegible, but the initial denial letter was issued in September 2022. *See* Pet., Ex. A at 1-2.

This Court has explained the applicable legal standard for judgment on the pleadings as follows:

> A motion for special relief filed under Pennsylvania Rule of Appellate Rule 1532, Pa.R.A.P. 1532, that seeks judgment on the pleadings is treated as a motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034, Pa.R.Civ.P. 1034. Under that standard, a party may move for judgment on the pleadings once "the relevant pleadings are closed, but within such time as not to unreasonably delay the trial." *Id.* "A motion for judgment on the pleadings is in the nature of a demurrer"; thus, "all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands Sch. Dist.*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010). In reviewing a motion for judgment on the pleadings, we "may only consider the pleadings themselves and any documents properly attached thereto." *Id.* The motion should only be granted "when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

*Sigman v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 607 M.D. 2018, filed May 4, 2020), slip op. at 6-7. Applying this standard, we conclude that the DOC is entitled to judgment on the pleadings here.

The applicable statute, known as Act 84,[3] provides, in pertinent part:

> The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1) [of the Sentencing Code, 42 Pa.C.S. § 9721(c.1)], filing fees to be collected under

---

[3] Act of June 18, 1998, P.L. 640, No. 84. Act 84 amended Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, to add subsection (b)(5), which authorizes the DOC to make deductions from inmate accounts to pay court-ordered obligations imposed by the sentencing court.

3

> section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

42 Pa.C.S. § 9728(b)(5)(i).  At issue here are deductions under Section 1101(a)(1) of the Crime Victims Act,[4] which provides:

> A person who pleads guilty or nolo contendere or who is convicted of a crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed.

18 P.S. § 11.1101(a)(1).  Both this Court and the Superior Court have concluded that where a sentencing order does not expressly impose costs pursuant to Section 1101(a)(1) in excess of the $60.00 statutory minimum, additional costs may not be collected under that section.  *Saxberg v. Dep't of Corr.*, 42 A.3d 1210, 1215-16 (Pa. Cmwlth. 2012) (first citing *Com. of Pa. v. LeBar*, 860 A.2d 1105, 1108 (Pa. Super. 2004); and then citing *Spotz v. Com. of Pa.*, 972 A.2d 125 (Pa. Cmwlth. 2009), *superseded in part by statute on other grounds as stated in Beavers v. Dep't of Corr.*, 271 A.3d 535 (Pa. Cmwlth. 2021)).  Inmate relies on this principle in seeking a refund of costs under Section 1101 in excess of $60.00 deducted by the DOC from his inmate account.

Claims against the DOC seeking to recoup costs deducted from inmate accounts pursuant to Act 84, however, are subject to a two-year statute of limitations. Section 5524(6) of the Judicial Code provides that "[a]n action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession must be commenced within two years."  42 Pa.C.S. § 5524(6).  This Court has determined that Section

---

[4] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101–11.5102.

5524(6) applies to inmate claims challenging Act 84 deductions. *See, e.g.*, *Sigman*, slip op. at 8-9;[5] *Com. ex rel. Pelzer v. Luzerne Cnty. Ct. of Common Pleas* (Pa. Cmwlth., No. 384 M.D. 2022, filed Nov. 16, 2023), slip op. at 8.

Here, the DOC began deducting the Section 1101 costs from Inmate's account in November 2017. The full $900.00 imposed by the clerk of the sentencing court had been paid by February 27, 2019. However, Inmate did not file a grievance challenging the deductions until 2022 and did not file the Petition in this Court until 2023. Thus, his claim is facially barred by the two-year statute of limitations.

Inmate does not dispute that the correct statute of limitations is two years, but he suggests that it should be tolled in his case. He offers bare averments, unsupported by developed arguments or any citations of authority, that DOC Form DC-300b, the notice of the commencement of deductions, was initially delivered in error to another inmate and that Inmate was consequently delayed in receiving notice of the imposition of $900.00 in costs, such that he did not receive notice and an opportunity to object before the first deduction. Br. of Pet'r at 2 & 5. Further, he offers similarly bare averments that he exercised diligence in filing his 2022 grievance, that no one was prejudiced by his delay in seeking a refund of the deductions, and that the court clerk in Montgomery County was "guilty of fraudulent concealment" in assessing costs that exceeded the $60.00 statutory amount. *Id.* at 7. Notably, however, Inmate does *not* assert that he failed to receive periodic inmate account statements reflecting the DOC's deductions of the costs at issue. Instead, he contends he "had no reason to contest" the $900.00 costs "untill [sic] he later learned knowledge [sic] that other inmates only paid the mandatory $60[.00] as

---

[5] Unreported opinions of this Court issued after January 15, 2008 may be cited as persuasive authority pursuant to Section 414(a) of our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

required by § 11.1101 . . . ." Pet'r Mt. for J. on the Pleadings at 5, ¶ 3. We construe this statement as an assertion that Inmate was not aware of applicable law limiting the costs that may be imposed in the absence of a court order.

This Court has consistently rejected arguments by inmates seeking to toll the statute of limitations for petitions filed pursuant to Act 84 based on reasons akin to those advanced by Inmate here. We have repeatedly concluded that inmates are responsible to determine and monitor the deductions of costs from their inmate accounts and cannot excuse untimely refund demands by alleging ignorance of the impropriety of the deductions. *See, e.g.*, *Sigman*, slip op. at 9-10 & n.4 (explaining that the first cost deduction from an inmate account starts the running of the statute of limitations, that additional deductions are not treated as ongoing violations extending the statute of limitations,[6] and that tolling does not apply where the inmate does not claim he was unaware deductions were being made); *Reid v. Dep't of Corr.* (Pa. Cmwlth., No. 327 M.D. 2015, filed July 17, 2017), slip op. at 7 (explaining that where an inmate is aware of ongoing deductions of costs from his inmate account, his cause of action accrues upon the first deduction, and he must "use all reasonable diligence to properly inform him[]self of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period . . .") (additional quotation marks and citation omitted); *Richards v. Com. of Pa.* (Pa. Cmwlth., No. 546 M.D. 2010, filed Oct. 11, 2013), slip op. at 5-6[7] (explaining that

---

[6] In any event, Inmate specifically avers that the costs at issue were fully paid from his inmate account on February 27, 2019. Br. of Pet'r at 5. Inmate initially filed a grievance concerning the cost deductions in 2022, which would still have been well after the expiration of the statute of limitations, even under an ongoing violation theory.

[7] In *Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016), this Court overruled its prior precedents and began applying the two-year statute of limitations instead of six months for inmate refund claims relating to Act 84 cost deductions. The cited case was decided before *Morgalo* and

6

an inmate's cause of action accrued when incorrect deductions began, that he had an "affirmative duty to use all reasonable diligence to learn the facts and circumstances that form[ed] the right of recovery and to bring the suit within the prescribed time period . . . ," and that lack of knowledge, mistake, or misunderstanding could not toll the statute of limitations where the inmate had received notice of the periodic deductions).

We find these decisions persuasive and likewise reject Inmate's argument here. Inmate had a duty of reasonable diligence to determine whether costs were being deducted incorrectly and to act within the applicable statute of limitations in seeking to recover them. Neither his alleged delay in receiving initial notice of the impending commencement of deductions nor his purported ignorance of the applicable law can excuse Inmate's failure to seek a refund of improper cost deductions for more than six years, inasmuch as he does not deny having received monthly account statements reflecting the cost deductions beginning in November 2017. We are constrained to agree with the DOC that Inmate's claim is barred by the applicable two-year statute of limitations and must be dismissed. *See* 42 Pa.C.S. § 5524(6). Accordingly, we deny Inmate's application for relief in the form of a motion for judgment on the pleadings, grant the DOC's cross-application for relief in the form of a motion for judgment on the pleadings, and dismiss the Petition with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

applied the six-month statute of limitations, but its analysis of tolling principles remains applicable and persuasive.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Obrian S. Lewis, : 
               Petitioner : 
  : 
  : 
       v. : 
  : 
Laurel Harry Superintendent, : 
Department of Corrections, : 
SCI-Camp Hill Business Office, : 
Lee Estock Superintendent D.O.C., : 
SCI Pine Grove Business Office, : 
George Little, Secretary of D.O.C., : 
and Attorney General of PA, :    No. 21 M.D. 2023
           Respondents : 

# **O R D E R**

AND NOW, this 10th day of December, 2024, Petitioner's application for relief in the form of a motion for judgment on the pleadings is DENIED. Respondents' cross-application for relief in the form of a motion for judgment on the pleadings is GRANTED. The Petition for Review is DISMISSED with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge