**Alonzo R. BOYD, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2003.

Decided Sept. 3, 2003.

Alonzo R. Boyd, petitioner, pro se.

Timothy I. Mark, Camp Hill, for respondent.

Before PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY JUDGE PELLEGRINI.

Before this Court are the preliminary objections of the Pennsylvania Department of Corrections (Department) to the *pro se* petition for review in the nature of mandamus filed by inmate Alonzo R. Boyd (Boyd) requesting this Court to order the Department to cease and desist deducting monies from his prison account for court costs, fines and restitution and to return all monies previously deducted from his prison account for such purposes.

Boyd is an inmate currently residing at the State Regional Correctional Facility at Mercer (SCRF–Mercer) serving a two to five-year sentence imposed on June 22, 1999. In addition to imprisonment, the sentencing court ordered Boyd to pay fines, costs and restitution. On September 26, 2002, Boyd filed an official inmate grievance with the Department requesting that the Department: (1) cease and desist from deducting monies from his inmate account for court costs, fines and restitution because no court order had authorized the deductions and return any and all money that had been deducted for court costs, fines and restitution; (2) discontinue deducting monies from his inmate account because it did not have the authority to set the percentage and amount of monies to be deducted; and (3) discontinue deducting non-wage monies from his account. Con-

cluding that pursuant to the Department's Policy DC–ADM 005 relating to the collection of inmate debts, the business office may deduct monies from an inmate's account for payment of restitution, reparation, fees, costs, fines and penalties, SCRF–Mercer's grievance officer denied Boyd's grievance. Boyd filed an appeal of that decision with the superintendent of SCRF–Mercer, who supported the grievance officer's decision and denied the appeal. Boyd then filed an appeal with the Department's Chief Grievance Coordinator at the Office of Grievance and Appeals, Thomas L. James (Grievance Coordinator James).

Having received no response from the Office of Grievance and Appeals, Boyd filed a petition for review in the nature of mandamus in this Court's original jurisdiction on February 12, 2003, alleging that the Department's deduction of monies from his inmate account without a court order authorizing it to do so violated his due process rights under 42 Pa.C.S. § 8127(a)(5)[1] (Count 1) and 42 Pa.C.S.

§ 9728(b)(3)[2] (Count 2). Boyd further alleged that the Department violated 18 Pa. C.S. § 1106(c)(2)(ii)[3] when it established an installment payment plan toward court costs, fines and restitution and when it established a percentage of monies it would deduct from inmate accounts to pay those costs (Count 3). Finally, Boyd alleged that the Department violated the separation of powers clause in Article V, Section 1 of the Pennsylvania Constitution when it established the installment payment plan and percentage of monies to be deducted from inmate accounts (Count 4).[4]

On March 17, 2003, the Department filed an application for a stay/suggestion of mootness. To its application, it attached a declaration of Grievance Coordinator James, who attested that a review of the record of Boyd's grievance had been completed and that the matter should be remanded to SCRF–Mercer for further review and consideration of the grievance, specifically, to resolve Boyd's allegation that no court order as contemplated by the Department's Policy DC–ADM 005 was

1. That section provides: "[t]he wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding: ... (5)[f]or restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding."

2. 42 Pa.C.S. § 9728(b)(3) provides:
The county clerk of courts shall, upon sentencing, pretrial disposition or other order, transmit to the Department of Probation of the respective county or other agent designated by the county commissioners of the county with the approval of the president judge of the county and to the county correctional facility to which the offender has been sentenced or to the Department of Corrections, whichever is appropriate, copies of all orders for restitution and amendments or alterations thereto, reparation, fees, costs, fines and penalties.

3. 18 Pa.C.S. § 1106(c)(2)(ii) provides:

(c) Mandatory restitution.—
(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
* * *
(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

4. Article V, Section 1 of the Pennsylvania Constitution provides:

The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system.

available. By order dated April 3, 2003, this Court stayed the matter pending the outcome of the Office of Grievance and Appeals' remand and final disposition. By letter dated April 7, 2003, Grievance Coordinator James denied Boyd's appeal stating that based on the Court commitment order dated June 22, 1999, he was required to pay fines of $5,000.00, costs of $355.20 and restitution of $3,240.00, and the business office at SCRF–Mercer would continue to deduct funds from his inmate account for those purposes.

Alleging that the June 22, 1999 Court commitment order did not authorize the Department to deduct any money from his inmate account for payment of fines, costs and restitution because it was not a judgment decree signed by a duly authorized judge, Boyd filed a supplemental petition for review in the nature of mandamus (Supplemental Mandamus Petition) on April 13, 2003. In that petition, Boyd raised the exact arguments that he raised in his original petition for review in the nature of mandamus.

In response, the Department filed preliminary objections to Boyd's petition alleging that the Court commitment order issued by the trial court which specified the fines, costs and restitution was sufficient to support the deductions. It argues that because Section 4 of Act 84 of 1998, Act of June 18, 1998, P.L. 640, commonly referred to as Act 84, which amended Section 9728 of the Sentencing Code, 42 Pa. C.S. § 9728, expressly authorizes it to make deductions from an inmate's account to satisfy restitution orders and directs the Department to develop guidelines to carry out its responsibilities, i.e., determining the

amount of the installment payments that Boyd must make towards his unpaid costs, fines and restitution, Boyd failed to state a cause of action for which relief could be granted, and his Supplemental Mandamus Petition should be dismissed.[5]

42 Pa.C.S. § 9728 provides, in relevant part:

**Collection of restitution, reparation, fees, costs, fines and penalties.**

**(b) Procedure.—**

\* \* \*

■ (5) The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5). It is well established that Subsection (b)(5) authorizes the Department to make monetary deductions from an inmate's account to pay court ordered fines and costs and does not impose prior court authorization as a threshold condition. *George v. Beard,* 824 A.2d 393 (Pa.Cmwlth.2003); *Commonwealth v. Fleming,* 804 A.2d 669 (Pa.Super.2002);

---

**5.** In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Marrero by Tabales v. Commonwealth of Pennsylvania,* 709 A.2d 956 (Pa.Cmwlth.

1998), *affirmed,* 559 Pa. 14, 739 A.2d 110 (1999). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

*Sweeney v. Lotz,* 787 A.2d 449 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied,* 572 Pa. 717, 813 A.2d 848 (2002). Because, in this case, Boyd does not dispute that the sentencing court imposed fines, costs and restitution upon him, but instead, only argues that the Department may not deduct funds for such purposes without a court order authorizing the "act" of deducting those funds, his argument must fail.[6]

■ As to Boyd's allegation that the Department was without authority to establish an installment payment plan toward the court costs, fines and restitution because the method of payment of restitution falls within the purview of the sentencing court pursuant to 18 Pa.C.S. § 1106(c)(2)(ii),[7] it is important to note that restitution is a creature of statute and without express legislative direction, a sentencing court is powerless to direct a defendant to make restitution as part of a sentence.[8] *Commonwealth v. Harner,* 533 Pa. 14, 617 A.2d 702 (1992). Because the sentencing court is given its authority to impose restitution from the General As-

sembly, there is nothing to preclude the General Assembly from also granting authority to the Department to develop a procedure by which to collect monies for restitution as well as fines and costs from inmates who are in its care and custody.

■ 42 Pa.C.S. § 9728(b)(5) specifically provides that "[the] Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph." In response to that directive, the Department developed policy DC–ADM 005, which provides, in relevant part, "the business office will deduct from an inmate's account monthly payments of 20% of the preceding month's income provided the account balance exceeds $10.00." Because the Department is authorized to make monetary deductions from an inmate's personal account for the purposes of collecting restitution as well as fines and costs, which were imposed by the sentencing court, and is authorized to develop guidelines for making such deductions, that preliminary objection is sustained.[9]

6. Even though the Court Commitment order, Form DC–300B, was completed on the court's behalf by the clerk and was not signed by the sentencing judge, the Department did not err in relying on that form which indicated that Boyd had been ordered to pay $5,000.00 in fines, $335.20 in costs and $3,240.00 in restitution by the sentencing court. *See Abraham v. Department of Corrections,* 150 Pa.Cmwlth. 81, 615 A.2d 814 (1992), *affirmed,* 535 Pa. 122, 634 A.2d 214 (1993), *overruled on other grounds by Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996).

7. Boyd contends that the Department waived any objections to Counts 3 and 4 of his Supplemental Mandamus Petition relating to its authority to establish an installment payment plan toward court costs, fines and restitution because it failed to object to those counts. However, in its preliminary objections, the Department clearly avers that 42 Pa.C.S. § 9728(b)(5) directs it to develop guidelines to

carry out its responsibilities. *See* Paragraph 17 of the Department's preliminary objections. Because the Department alleged that it has the authority to develop guidelines to carry out its responsibilities, i.e., method of payment by which it makes deductions from inmate accounts for purposes of collecting restitution and other court-ordered obligations, it did not waive those objections.

8. Because the authority to impose restitution is statutorily-created and is not a function delegated exclusively to the courts under the Pennsylvania Constitution, such authority is not subject to the separation of powers doctrine.

9. We note that nowhere in his Supplemental Mandamus Petition does Boyd allege any other grounds, e.g., that the deductions are excessive, for concluding that the Department's policy of deducting 20% of the preceding month's income is unlawful.

Because Boyd has failed to state a claim upon which relief could be granted, the preliminary objections filed by the Department are sustained and his Supplemental Mandamus Petition is dismissed.

### ORDER

AND NOW, this 3rd day of September, 2003, the preliminary objections filed by the Pennsylvania Department of Corrections are sustained and the supplemental petition for review in the nature of mandamus filed by Alonzo R. Boyd is dismissed.