# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Gene Rega, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 244 M.D. 2017 |
| | : | Submitted: December 1, 2017 |
| Pennsylvania Department of | : | |
| Corrections; Bruce Beemer (Atty. | : | |
| General); John E. Wetzel (Secretary | : | |
| of Department of Corrections); | : | |
| Robert Gilmore (Super. for S.C.I. | : | |
| Greene); Karen Patterson (Business | : | |
| Manager); Tiffany Pauley | : | |
| (Accountant); Joan Kennedy | : | |
| (Clerk/Accounts); Theron R. Perez, | : | |
| Esq. (Chief Counsel); Tonya S. Geist | : | |
| Geist (Prothonotary for Jefferson | : | |
| County); Brian K. Spencer | : | |
| (Prothonotary for Clearfield County) | : | |
| | : | |
| Respondents in Their Individual | : | |
| and Official Capacity, | : | |
| Respondents | : | |

**BEFORE:** **HONORABLE RENÉE COHN JUBELIRER,** Judge
**HONORABLE P. KEVIN BROBSON,** Judge
**HONORABLE DAN PELLEGRINI,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: January 31, 2018**

Presently before the Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections (DOC), Bruce Beemer, John E. Wetzel, Robert Gilmore, Karen Patterson, Tiffany Pauley, Joan Kennedy, Theron Perez, Esq., Tonya Geist, and Brian K. Spencer (Respondents, collectively).[1] Respondents filed preliminary objections to an Amended Petition for Review filed in this Court's original jurisdiction by Robert Gene Rega (Rega), an inmate at the State Correctional Institution at Greene, which challenges the deduction of $5,528.03 from his inmate account for alleged outstanding fines, costs, and fees. For the reasons that follow, the preliminary objections are overruled in part and sustained in part.

Initially we note that, when ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). Preliminary objections should not be sustained unless it "appear[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Id.*

With this standard in mind, we consider the facts as alleged by Rega. Rega is currently serving sentences in the following cases:

- Clearfield County Docket No. CP-17-CR-0000819-1996, where he pleaded guilty on June 24, 1996, and was subsequently sentenced to nine

---

[1] At the time of the allegations in Rega's Amended Petition, Beemer was the acting Attorney General; Wetzel was the Secretary for the DOC; Gilmore was the superintendent at the State Correctional Institution at Greene (SCI-Greene); Patterson was the business manager at SCI-Greene; Pauley was an accountant at SCI-Greene; Kennedy was an accounting clerk at SCI-Greene; Perez was chief counsel for DOC; Geist was Prothonotary of Jefferson County; and Spencer was Prothonotary of Clearfield County. (Am. Petition ¶¶ 3-12.)

months to five years in state prison. According to Rega, no fines or costs were imposed.[2] (Am. Petition ¶¶ 13-14.)

- Jefferson County Docket Nos. CP-33-CR-0000026-2001 and CP-33-CR-0000524-2001, where he was tried and convicted on June 21, 2002, and was subsequently sentenced to, *inter alia*, the death penalty.[3] According to Rega, no fines or costs were imposed. (*Id.* ¶¶ 16, 19.)

- Jefferson County Docket No. CP-33-CR-0000174-2001, where he was tried and convicted on January 28, 2004, and was subsequently sentenced to 147 years to 344 years in state prison. According to Rega, one set of costs and $4,000 in fines was imposed. (*Id.* ¶¶ 21-22.)

On or about September 20, 2016, while incarcerated, Rega received a settlement check for $10,000 from an action he brought in federal court against the Commonwealth of Pennsylvania. (*Id.* ¶ 27, Ex. 1-A.) Rega "adamantly objected" to the deposit of the settlement funds into his inmate account. (*Id.* ¶ 30.) Shortly after the funds were deposited, he requested Respondent Pauley to draft a check for $9,000 payable to Hunter Labovitz for the purpose of establishing a trust for his two daughters. (*Id.* ¶¶ 32, 35.) Before the check was cashed, a stop payment on the check was issued. (*Id.* ¶¶ 34, 36-37.) The funds were subsequently re-deposited into Rega's inmate account. (*Id.* ¶ 39.)

After the funds were re-deposited, four deductions were made from Rega's inmate account to pay fines, costs and fees: (1) $233.53 paid towards Docket No. CP-17-CR-000819-1996; (2) $496.00 paid towards Docket No. CP-33-CR-000026-2001; (3) $272.50 paid towards Docket No. CP-33-CR-000524-2001; and (4)

---

[2] Although Rega avers that there was no fine imposed, the Itemized Account of Fines, Costs, Fees, and Restitution for the Clearfield County case lists a $100 "County Fine." There is no sentencing order in the record to confirm whether this fine was ordered by the court.

[3] Rega averred that the two cases were joined by court order. (Am. Petition ¶ 17.)

$4,536.00 paid towards Docket No. CP-33-CR-000174-2001. (*Id.*) According to a letter to Rega from Inmate Accounting dated November 29, 2016:

> Pursuant to PA law, 42 Pa. C.S. § 6608,[4] "By statute in the Pennsylvania state [Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§ 6601-6608], any settlement [in] favor of [an] inmate regarding prison conditions litigation must go first to pay off any outstanding restitution, costs, etc. associated with the criminal sentence."

(*Id.* ¶¶ 41-42, Ex. 1-A (emphasis omitted).)

Rega challenges the deductions on a number of bases, including, *inter alia*, that the deductions violate:  the Supremacy Clause found in Article VI, Section 2 of the United States Constitution; the ex post facto clause found in Article I, Section 17 of the Pennsylvania Constitution and Article I, Section 10 of the United States Constitution; the separation of powers clause found in Article V, Sections 1 and 10 of the Pennsylvania Constitution; his due process rights under Article I, Section 1 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments of the United States Constitution; and DOC policy.  In addition, Rega avers that

---

[4] Section 6608 provides:

> Monetary damages awarded to a prisoner in connection with prison conditions litigation or paid in settlement of prison conditions litigation which is payable from funds appropriated by the General Assembly or by a political subdivision or an insurance policy purchased by the Commonwealth or political subdivision shall first be used to satisfy any outstanding court orders requiring the prisoner to pay restitution, costs, bail, judgments, fines, fees, sanctions or other court-imposed amounts in connection with a criminal prosecution or sentence.  Upon receipt of a copy of an outstanding court order, the government party or person designated by the government party shall deduct the full amount owed from the remaining moneys and arrange to pay it directly to the person or entity owed in accordance with Pennsylvania law.

42 Pa. C.S. § 6608.

4

Respondents acted negligently in deducting the funds from his inmate account. He seeks return of the $5,528.03, along with costs, costs of litigation, attorney fees, interest, and delay damages.

In response, Respondents filed preliminary objections in the nature of demurrers asserting that Rega has no cause of action because the deductions were properly made pursuant to the PLRA and/or Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5), which is commonly referred to as Act 84.[5] Respondents also argue that Rega's claims are barred either by sovereign immunity or by what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8542. Finally, Respondents argue that Rega fails to state a claim for any of his alleged constitutional violations. We address these preliminary objections in turn.

## I. PLRA and/or Act 84

Respondents first argue that Rega fails to state a claim because the deductions were authorized under either the PLRA and/or Act 84. They argue the bulk of the deductions, $4,000, went towards court-ordered fines in one of the Jefferson County

---

[5] Section 9728(b)(5) provides, in pertinent part:

> [T]he Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1). Any amount deducted shall be transmitted by the Department of Corrections . . . to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa. C.S. § 9728(b)(5).

cases. The remaining costs and fees did not need to be specifically included in a court-order, they argue, because they are mandated by statute.

Rega responds, *inter alia*, that the costs and fees must be court ordered in order to be collected, and here, they were not. Therefore, the imposition of such costs and fees violates the prohibition against ex post facto laws in the Pennsylvania and United States Constitutions.[6] As for the $4,000 in fines, Rega acknowledges they were ordered at sentencing but contends that they are not yet due because that sentence, including the payment of the fines, is to be served consecutive to another Jefferson County case in which he received the death penalty. (Am. Petition ¶¶ 23-24, 26.)

Both the PLRA and Act 84 authorize deductions for certain fines, costs, and fees. Section 6608 of the PLRA requires that any monetary settlement an inmate receives in connection to prison conditions litigation be used first to satisfy any outstanding court orders requiring the inmate to pay restitution, costs, fees, fines, and other court-imposed amounts. 42 Pa. C.S. § 6608. Act 84 authorizes DOC to deduct restitution, any other court-ordered obligation, or costs imposed under Section 9721(c.1) from an inmate's account. 42 Pa. C.S. § 9728(b)(5). The common thread between PLRA and Act 84 is that both statutes apply to court-ordered fines, costs, and fees.

However, certain statutorily mandated costs or fees may not need to be included in a court order in order to be valid. For instance, Section 1101(e) of the

---

[6] Article I, Section 17 of the Pennsylvania Constitution provides, "No ex post facto law . . . shall be passed." Pa. Const. art. I, § 17. Article I, § 10 of the United States Constitution similarly forbids the passage of any law which imposes any punishment for an act not punishable at the time it was committed or which imposes additional punishment to that then prescribed. *See Weaver v. Dep't of Corr.,* 720 A.2d 178, 182 (Pa. Cmwlth. 1998).

6

Crime Victims Act[7] expressly provides that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section." 18 P.S. § 11.1101(e). This Court has held that statutorily mandated costs are non-waivable and can be deducted absent an express court order. *Saxberg v. Pa. Dep't of Corr.*, 42 A.3d 1210, 1215-16 (Pa. Cmwlth. 2012); *Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa. Cmwlth. 2009). However, waivable costs must be expressly provided for by court order to be collectable. *Spotz*, 972 A.2d at 134.

Here, Respondents make no attempt to identify which costs or fees are non-waivable, statutorily mandated costs or fees, and which are not. Instead, they argue it does not matter because, under Section 9721(c.1), they are recoverable even in the absence of a court order. Section 9721(c.1) provides as follows:

> Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. **In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section.** The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. [] 706(C) (relating to fines or costs).

42 Pa. C.S. § 9721(c.1) (emphasis added).

The problem with Respondents' reliance on Section 9721(c.1) is that it was not enacted until 2010, long after Rega was sentenced.[8] As a result, Respondents cannot rely on Section 9721(c.1) to excuse the absence of a court order because such

---

[7] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101-11.5102.

[8] Section 9721(c.1) was added by Section 2 of the Act of October 27, 2010, P.L. 949.

application would constitute an ex post facto law.[9] In *Commonwealth v. Allshouse*, 924 A.2d 1215, 1230 (Pa. Super. 2007), the Superior Court concluded that an amended version of 42 Pa. C.S. § 9728(g), which provides for recovery of transportation costs, was penal in nature and therefore could not be constitutionally applied retroactively without violating the prohibition against ex post facto laws.[10] Section 9721(c.1) is similarly penal in nature in that it imposes greater punishment by allowing for the expansion of recoverable costs – from those that are specifically included in a court order to those that are not.[11]

The Itemized Account of Fines, Costs, Fees, and Restitution[12] identify a variety of costs and fees, ranging from vague references to "Judicial Computer Project" and "Automation Fee" to more general "Clerk Costs" and "Sheriff Costs" to more specific references to "Crimes Commission Cost (Act 96 of 1984)" and "Domestic Violence Compensation (Act 44 of 1988)." As stated above, Respondents have not identified which costs are statutorily mandated and which are not. Furthermore, given the state of the record at this early procedural posture, we cannot determine whether any of the costs or fees were, in fact, court-ordered.[13]

_____

[9] Notably, even the DOC Policy DC-ADM 005 governing collections from inmate accounts recognizes that, for inmates sentenced prior to December 26, 2010, court costs are not collectible unless they were specifically ordered by the court. (Am. Petition, Ex. 25.)

[10] Although we "are not bound by the Superior Court's precedents, . . . we may adopt the Superior Court's reasoning where persuasive." *Commonwealth v. Irland*, 153 A.3d 469, 482 (Pa. Cmwlth.), *petition for allowance of appeal granted*, 169 A.3d 1052 (Pa. 2017).

[11] We are cognizant of our holdings in *George v. Beard*, 824 A.2d 393 (Pa. Cmwlth. 2003) and *Commonwealth v. Ralston*, 800 A.2d 1007, 1009 (Pa. Cmwlth. 2002), in which we found Act 84 is "procedural in nature" and may be applied retroactively. However, in those cases, Section 9721(c.1) was not at issue because the trial court did, in fact, order the payment of costs and restitution as part of its sentencing orders.

[12] The itemizations are attached to Rega's Amended Petition as Exhibits 2-5.

[13] Not all sentencing orders are included as exhibits to Rega's Amended Petition. In addition, only excerpts of the sentencing transcripts are attached as exhibits.

8

Because this matter is before us on preliminary objections, we must accept Rega's averment that the costs and fees were not court-ordered as true, and as a result, are constrained to overrule Respondents' first preliminary objection, at least with regard to the costs and fees. However, it is undisputed that $4,000 in fines was court ordered as part of Rega's sentence in Jefferson County. Rega argues that his sentence in that case was to run consecutive to another sentence and therefore, his fines are not due until that sentence is completed. Rega cites no authority for this position. Nor are we convinced that the sentencing court intended that Rega pay the fines after his other sentence was completed, particularly since that sentence was death. Accordingly, we sustain Respondents' preliminary objection to Count I but only to the extent the $4,000 fine was properly deducted.

## II.    Immunity

Next, Respondents argue that Count 2 of Rega's Amended Petition is barred either by sovereign immunity for the Commonwealth Respondents or by the Tort Claims Act for the two county prothonotaries, Geist and Spencer.[14] Count 2 of the Amended Petition sounds in negligence.

Under Section 8521 of the Judicial Code, commonly referred to as the Sovereign Immunity Act,[15] 42 Pa. C.S. § 8521, Commonwealth employees and

---

[14] In the heading of their second preliminary objection, Geist and Spencer state they are seeking a demurrer to Counts 2, 3, 4, 6 and 8 of the Amended Petition on immunity grounds. However, in both the preliminary objections and in their supporting brief, they only identify Count 2, sounding in negligence, as the subject of their preliminary objections. Accordingly, we, too, limit our discussion of the immunity issue to Count 2. Inclusion of the other counts appears to be in error and referring to the original petition for review, as the Amended Petition only has five counts. To the extent they were seeking a demurrer to the other counts (Counts 3 and 4) on immunity grounds, we find that their failure to develop their argument constitutes waiver of that argument.

[15] 42 Pa. C.S. §§ 8521-8528.

9

officials acting within the scope of their duties are immune from civil liability. *Dep't of Corr. v. Tate*, 133 A.3d 350, 359 (Pa. Cmwlth. 2016). Like many general rules, there are exceptions. Section 8522(b) of the Sovereign Immunity Act provides for nine instances in which Commonwealth parties may be liable: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. Section 8522(b) of the Judicial Code, 42 Pa. C.S. § 8522(b).

The Tort Claims Act similarly provides that employees of a local agency are immunized from liability for any injuries caused by negligent acts committed within the scope of their office or duties. Section 8542(a)(2) of the Judicial Code, 42 Pa. C.S. § 8542(a)(2). It lists eight exceptions: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa. C.S. § 8542(b).

Here, the only feasible exception that could apply to Rega's negligence claim is the one related to care, custody, or control of personal property. 42 Pa. C.S. § 8522(b)(3); 42 Pa. C.S. § 8542(b)(2). However, we have previously held that while the Commonwealth may be liable for damage to or the negligent handling of an inmate's personal property, it cannot be liable for the taking of that property. *Tate*, 133 A.3d at 360; *Goodley v. Folino* (Pa. Cmwlth., No. 2376 C.D. 2010, filed July

10

22, 2011), slip op. at 8.[16,17]  Here, it is the seizure of Rega's property that is in dispute. Therefore, Respondents are immune from the negligence claim.  Accordingly, we will sustain Respondents' second preliminary objection and dismiss Count 2 of Rega's Amended Petition.[18]

### III.    Constitutional Claims

In their final preliminary objections, Respondents argue that Rega failed to state a claim for any of the constitutional violations he alleges.  In Counts 3 through 5 of the Amended Petition, Rega asserts violations of the Supremacy Clause, due process, and separation of powers, respectively.

With respect to Count 3, asserting a Supremacy Clause violation,[19] the United States Supreme Court has held that the Supremacy Clause "does not create rights

---

[16] Although *Tate* and *Goodley* dealt with the personal property exception under the Sovereign Immunity Act, the rationale equally applies to the personal property exception found in the Tort Claims Act.  Thus, the county prothonotaries are likewise immune from Rega's negligence claim.

[17] *Goodley* is an unreported panel decision of this Court, which is cited in accordance with Section 414(a) of this Court's Internal Operating Procedures, which provides that an unreported panel decision issued by this Court after January 15, 2008 may be cited "for its persuasive value, but not as binding precedent."  210 Pa. Code § 69.414(a).

[18] Given our disposition of this issue, we need not address Respondent Beemer's or Respondent Perez's alternative argument that they are entitled to absolute immunity.

[19] Article VI, clause 2, of the United States Constitution provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2.

enforceable under [42 U.S.C.] § 1983."[20] *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107-08 (1989). Thus, we sustain Respondents' preliminary objection and dismiss Count 3 of the Amended Petition.

With respect to Count 4, asserting a due process violation,[21] in *Buck v. Beard*, 879 A.2d 157, 160-61 (Pa. 2005), our Supreme Court held that a sentencing hearing provides an inmate with all of the due process required prior to deductions being made from his inmate account. *See also Richardson v. Pa. Dep't of Corr.*, 991 A.2d 394, 396 (Pa. Cmwlth. 2010); *Ingram v. Newman*, 830 A.2d 1099, 1102-03 (Pa. Cmwlth. 2003); *George v. Beard*, 824 A.2d 393, 396 (Pa. Cmwlth. 2003) (all holding same). Rega's reliance on *Montanez v. Secretary Pennsylvania Department of Corrections*, 773 F.3d 472 (3d Cir. 2014), is not persuasive. First, the Pennsylvania Supreme Court has not yet adopted *Montanez*.[22] Second, in *Montanez*, the United States Third Circuit Court of Appeals "largely agree[d]" with the Pennsylvania Supreme Court's holding in *Buck*, but noted that it did not address whether inmates

---

[20] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[21] Rega asserts his due process claim under the Fifth and Fourteenth Amendments to the United States Constitution. However, the Fifth Amendment is inapplicable, as it only affords enforceable rights against the federal government and its actors, not state or local governments and their actors. *Moore v. Richman*, 797 F.Supp. 2d 572, 580 (W.D. Pa. 2011).

[22] Opinions from the United States Third Circuit Court of Appeals are instructive, but not binding, on either the Pennsylvania Supreme Court or any other court of this Commonwealth. *Tate*, 133 A.3d at 358 n.11 (citing *Goldman v. Se. Pa. Transp. Auth.*, 57 A.3d 1154, 1169 n.12 (Pa. 2012)).

should be notified of the DOC's policy concerning deductions and the final amount of costs to be deducted. *Id.* at 485. In *Tate*, this Court stated:

> Even if we view *Montanez* as instructive,[] it does not support Tate's claim that the Department's inmate account deductions violated his due process rights because he did not receive a pre-deduction hearing. The decision has little value when determining whether Tate's Amended Petition alone sets forth a due process violation against the Department to withstand preliminary objections because **the Amended Petition, on its face, reflects that Tate was aware of what he owed in costs, fines and restitution, and that he sought review under the Department's grievance procedures. Moreover, the Amended Petition does not state that he was deprived of pre-deduction notice by way of the inmate handbook or written notice, but rather that he was not afforded a pre-deprivation hearing which, even the *Montanez* Court acknowledged, was not required.** Accordingly, the Amended Petition fails to state facts sufficient to support a claim that the Department's failure to afford Tate a pre-deduction hearing violated his due process rights.

133 A.3d at 358 (footnote omitted; emphasis added).

Here, it is obvious Rega was aware of the DOC policy, as he attached a portion of it as an exhibit to his Amended Petition, along with a portion of the Inmate Handbook discussing collection of inmate debts. (Am. Petition, Exs. 24-31-B.) Furthermore, he was aware of the total amount allegedly owed as early as July 2016 when he was informed in the settlement of the federal court action that the money was owed and was going to be deducted. (Am. Petition, Exs. 7-A-7-B.) He also availed himself of the grievance procedure. (Am. Petition, Exs. 6-A-6-I.) Based upon our precedent, Rega was afforded the process he was due. Accordingly, we sustain Respondents' preliminary objection and dismiss Count 4 of the Amended Petition.

With respect to Count 5, asserting a separation of powers violation, our Court has also rejected this claim in the past. *See Richardson*, 991 A.2d at 396; *Boyd v.*

13

*Dep't of Corr.*, 831 A.2d 779, 783 n.8 (Pa. Cmwlth. 2003), *aff'd*, 886 A.2d 222 (Pa. 2005). Accordingly, we sustain this preliminary objection and dismiss Count 5 of Rega's Amended Petition.

## IV. Conclusion

At this early stage of the proceedings, based upon the record before us and in light of our limited standard of review, we overrule Respondents' preliminary objection as to whether the costs and fees were properly deducted under the PLRA and/or Act 84. However, we sustain Respondents' remaining preliminary objections, finding the $4,000 fine was properly deducted as it was court-ordered and that Rega failed to state a claim against Respondents for negligence or for the violation of the Pennsylvania and United States Constitutions.

_____
**RENÉE COHN JUBELIRER,** Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Gene Rega, :
                    Petitioner :
                                :
            v.                  : No. 244 M.D. 2017
                                : Submitted: December 1, 2017
Pennsylvania Department of      :
Corrections; Bruce Beemer (Atty. :
General); John E. Wetzel (Secretary :
of Department of Corrections);  :
Robert Gilmore (Super. for S.C.I. :
Greene); Karen Patterson (Business :
Manager); Tiffany Pauley        :
(Accountant); Joan Kennedy      :
(Clerk/Accounts); Theron R. Perez, :
Esq. (Chief Counsel); Tonya S. Geist :
(Prothonotary for Jefferson     :
County); Brian K. Spencer       :
(Prothonotary for Clearfield County) :
                                :
Respondents in Their Individual :
and Official Capacity,          :
                    Respondents :

# **O R D E R**

**NOW**, this 31st day of January, 2018, the preliminary objections filed by Pennsylvania Department of Corrections, Bruce Beemer, John E. Wetzel, Robert Gilmore, Karen Patterson, Tiffany Pauley, Joan Kennedy, Theron Perez, Esq., Tonya Geist, and  Brian K. Spencer (Respondents, collectively) to the Amended Petition for Review filed by Robert Gene Rega (Petitioner) are OVERRULED IN PART and SUSTAINED IN PART.  Respondents' preliminary objection in the nature of a demurrer on the grounds the alleged deductions from Petitioner's inmate

account for costs and fees were proper is OVERRULED. Respondents' preliminary objection with regard to the deduction of court-ordered fines is SUSTAINED, as are Respondents' remaining preliminary objections. Accordingly, Counts 2 through 5 of Petitioner's Amended Petition for Review are DISMISSED as to all Respondents. Respondents shall file an answer to the remainder of Petitioner's Amended Petition for Review within thirty (30) days of the date of this Order.

_____
**RENÉE COHN JUBELIRER,** Judge