IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Stephen Lambing,         :
         Petitioner        :
                 :
      v.           :
                 :
Pennsylvania Department       :
of Corrections,         :   No. 488 M.D. 2017
         Respondent     :   Submitted: January 17, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: July 23, 2020

Before this Court in our original jurisdiction are the cross-motions for summary relief in the nature of motions for judgment on the pleadings filed by Petitioner, Cory Stephen Lambing (Lambing), and Respondent, the Department of Corrections (Department). For the reasons that follow, we grant Lambing's motion for summary relief, in part, deny the Department's cross-motion for summary relief, and enjoin the Department from deducting funds from Lambing's inmate account until his release from incarceration in accordance with the following opinion.

In January and March of 2008, Lambing was convicted of attempted theft, theft by deception, theft by unlawful taking, and forgery and was sentenced to 20 to 48 months' imprisonment. Petition for Review at 3, ¶ 2 & Exhibit C, Sentencing Orders. Lambing avers that he was ordered to pay fines, costs and restitution totaling $6,314.85. Petition for Review at 3, ¶ 2 & Exhibit C, Sentencing

Orders.  Lambing attached seven sentencing orders to his petition for review, three of which are dated January 25, 2008, and four of which are dated March 17, 2008. One of the January 25, 2008 orders and three of the March 17, 2008 orders impose fines, costs and restitution, but only the March 17, 2008 orders contain the following disputed language:

> The defendant *shall pay the total due in monthly installments during the period of parole* in accordance with a payment schedule set by the Fayette County Clerk of Courts. In addition, the defendant will abide by all of the usual terms and conditions of parole.

Petition for Review, Exhibit C, Sentencing Orders (emphasis added).[1]

The Department began deducting money from Lambing's inmate account at least as early as November 12, 2008.  *See* Petition for Review, Exhibit G, Payment Summary.  Lambing further avers he was granted parole after 20 months' imprisonment, but was subsequently reincarcerated due to a technical parole violation and served the remainder of his prison sentence.  *See* Lambing's Brief in Opposition to Department's Preliminary Objection at 4.  Lambing is currently incarcerated at the State Correctional Institution at Forest due to a separate conviction.  Petition for Review at 2, ¶ 1 & Certificate of Service.  On May 30, 2017, the Department notified Lambing that it would again "begin deducting money" from his inmate account.  Petition for Review at 4, ¶ 14; Department Answer and New Matter at 3, ¶ 20.  After receiving this notice, Lambing filed a grievance through the Inmate Grievance System challenging the Department's deduction of monies from

---

[1] Lambing only provided the first page of the January 25, 2008 order, which does not include the language above, although it is evident that subsequent pages are missing.  *See* Petition for Review, Exhibit C, Sentencing Orders.

his inmate account. Petition for Review at 5, ¶ 15; *see also* Exhibit E, Final Appeal Decision. Lambing appealed the grievance officer's response to the facility manager and then submitted an appeal for final review. *Id.* On September 18, 2017, the Office of Inmate Grievances & Appeals of the Secretary of Corrections issued a "Final Appeal Decision" rejecting Lambing's challenge. *See* Petition for Review, Exhibit E, Final Appeal Decision.

On October 20, 2017, Lambing filed a petition for review in this Court's original jurisdiction, requesting that we direct the Department to cease deducting funds from his inmate account to pay court-ordered fines, costs and restitution. The Department filed a preliminary objection in the nature of a demurrer, and Lambing filed an answer thereto. On December 19, 2018, this Court issued a memorandum opinion and order sustaining in part and overruling in part the Department's preliminary objection in the nature of a demurrer. *See Lambing v. Dep't of Corr.* (Pa. Cmwlth., No. 488 M.D. 2017, filed Dec. 19, 2018). Specifically, we sustained the Department's demurrer to Lambing's claims that he was entitled to a hearing to assess his ability to pay and that the Department should have obtained a separate order authorizing the deduction of funds from his inmate account, but overruled the Department's demurrer to Lambing's claim that the sentencing orders delayed payment fines, costs and restitution until the period of parole. *Lambing*, slip op. at 4-7.

On January 10, 2019, the Department filed an application to amend this Court's December 19, 2018 order pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), in order to permit an interlocutory appeal therefrom, which we denied. Also on January 10, 2019, the Department filed an answer and new matter in response to Lambing's petition for review. The Department raised the affirmative

defense of sovereign immunity, contending that the deductions to Lambing's account constituted the intentional taking of property in the scope of the Department's duties and, therefore, did not fall under any exception to sovereign immunity in Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b). Department's Answer and New Matter at 4, ¶ 27 (citing *Dep't of Corr. v. Tate*, 133 A.3d 350, 359-60 (Pa. Cmwlth. 2016)). The Department also asserted that "[t]o the extent [Lambing's] claims are construed as invoking federal rights, [the Department] is insulated by qualified immunity."[2] *Id.* at 4, ¶ 35. Further, the Department maintained that Lambing would be unjustly enriched if the Court were to order reimbursement for the deducted funds, as Lambing already received credit for the deducted funds towards his outstanding court costs. *Id.* at 4, ¶ 31. The Department demanded a jury trial on all triable issues. *Id.* at 4, ¶ 36.

On February 5, 2019, Lambing filed a reply to the Department's answer and new matter. Lambing stated that "[p]aragraph 27 in [the Department's] New Matter," in which the Department asserted that Lambing's claim does not fall under any exception to sovereign immunity under Section 8522(b) of the Judicial Code, "is [a]dmitted," and further conceded that "[he] is **not** bringing his claim under that statute for it is not cognizable to this matter at law." Lambing's Reply at 4, ¶ 8 (emphasis in original). Lambing also asserted that he is not presenting this claim under a tort statute. *Id.* at 7, ¶ 17. Lambing stated that he "does not deny" that "the conduct that occurred is not any that falls within the exception[s] to sovereign immunity in [42 Pa.C.S. § 8522(b).]" *Id.* at 7, ¶ 17; *see also id.* at 9, ¶ 22. Lambing

---

[2] We note that Lambing asks this Court to enjoin the Department from deducting funds from his inmate account, and sovereign immunity does not bar suits seeking prohibitory injunctions to restrain state action. *Stackhouse v. Pa. State Police*, 892 A.2d 54, 61 (Pa. Cmwlth. 2006).

further contended that his claim is not barred by any applicable statute of limitations. *Id.* at 7, ¶ 17. Despite acknowledging that he initially only sought to halt further deductions from his inmate account, Lambing proposed a settlement of $200 to compensate for litigation costs. *Id.* at 17, ¶ 51. On February 13, 2019, Lambing filed a praecipe for entry of judgment upon admission, which this Court struck as unauthorized. *See* Praecipe for Entry of Judgment, 2/13/19; Cmwlth. Ct. Order, 3/11/19.

On August 6, 2019, Lambing filed a motion for summary relief, asserting that "[t]here is no genuine issue of fact as to whether [the] [s]entencing [o]rder was [a]mbiguous and [that] as a result the deductions should not have occurred [sic]." Lambing's Motion for Summary Relief at 5, ¶ 26. The Department filed an answer thereto on August 20, 2019. On the same date, the Department filed a cross-motion for summary relief, contending that "[t]his Court should rule that in cases where there is no question that an inmate owes restitution, fines or costs, the [Department's] statutory authority to collect the money under [Section 9728(b) of the Sentencing Code, 42 Pa.C.S. § 9728(b), commonly known as] Act 84[,] exists unless it is *expressly* and *clearly* overridden by the sentencing [c]ourt." Department's Cross-Motion for Summary Relief at 2, ¶ 5 (emphasis in original). The Department asserts that, "[e]ven if [it] improperly collected the money, the deductions to [Lambing's] account were an intentional taking of property in the scope of [the Department's] duties that is not conduct that falls within any exception to sovereign immunity in 42 Pa.C.S. § 8522(b)." *Id.* at 3, ¶ 6 (citing *Tate*, 133 A.3d at 359-60; *Morgalo v. Gorniak*, 134 A.3d 1139, 1147 n.10 (Pa. Cmwlth. 2016)).

On August 30, 2019, Lambing filed an answer to the Department's cross-motion for summary relief, reiterating his contention that the sentencing orders

5

delay payment of monies due until his period of parole. Answer at 2, ¶ 3. Despite his previous concession, Lambing contends in this answer that his claim falls under the exception to sovereign immunity contained in Section 8522(b)(3) of the Judicial Code, which waives sovereign immunity from claims for damages caused by "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency[.]" *Id.* at 2-3, ¶ 5 (citing 42 Pa.C.S. § 8522(b)(3)). Lambing requests reimbursement for the monies deducted by the Department and for costs incurred pursuing this litigation. *Id.* at 3-4, ¶¶ 4 & 6.

Lambing also filed a brief in support of his motion for summary relief in which he reiterates his request that this Court enjoin the Department from making any further deductions from his inmate account and also his request for reimbursement both for monies already deducted and for litigation costs, contending that the "sentencing orders control and it [is] clear that [the] sentencing orders [do] not provided [sic] unlimited authority to collect such costs in this matter while [he] [is] incarcerated and under the authority of the Department[.]" Lambing's Brief at 6-7 & 10-11.

The Department filed a brief in opposition to Lambing's motion for summary relief and in support of its cross-motion for summary relief, arguing that its statutory authority to collect money under Act 84 exists unless expressly and clearly overridden by the sentencing court. Department's Brief at 8. The Department contends that "[i]t is well-established that [it] possesses statutory authority to make the deductions to satisfy [c]ourt-[o]rdered fines, costs, and restitution under [Act 84]," and that "[n]o express judicial order directing deductions

6

is necessary." *Id.* (citing *Boyd v. Pa. Dep't of Corr.*, 831 A.2d 779, 783 (Pa. Cmwlth. 2003)). The Department asserts that when the language of a sentencing order is ambiguous, "the presumption should be that the sentencing court did not intend to delay the payments, and the burden should be on the inmate to seek clarification of the sentencing order." *Id.* at 8-9. The Department maintains that "[n]either party will be able to offer additional extrinsic evidence at trial to clear up the interpretation of a sentencing order which this Court has already held is ambiguous as to when payments are due." *Id.* at 9. Thus, the Department contends that no potential issues of fact remain, such that "a trial would be a fruitless exercise." *Id.*

The Department acknowledges that its current policy regarding the collection of inmate debts provides that "the Business Manager/designee shall determine if the order that imposes financial obligations on the inmate defers the payment of those obligations to a later date or event," and that, "[i]f so, collection of costs as a result of that court order must not begin until the date or event indicated in the court order." *Id.* at 10 n.1 (quoting DC-ADM 005, Collection of Inmate Debts Procedures Manual (DC-ADM 005), Section 3.A.2.a.).[3] The Department also indicates that notice provided to inmates regarding grievance procedures instructs that they may file a grievance on the basis that "[t]he financial obligations are not currently due under the terms of the court order" or "[a] more recent court order removed or postponed the financial obligations[.]" *Id.* (quoting DC-ADM 005, Attachment 3-A). The Department further acknowledges that the burden of seeking clarification rests with the Department, but contends that this "is neither legally

---

[3] The Department's policy manual regarding the collection of inmate debts is available on the Department's website at the following address, https://www.cor.pa.gov/About%20Us/Docume nts/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited July 22, 2020).

7

possible nor justified," as inmates, rather than the Department, have standing to petition the sentencing court for clarification. *Id.* at 11 (citing *Morgalo*, 134 A.3d at 1147 n.10). The Department also notes that Lambing already appeared before the sentencing court, which concluded that Lambing "present[ed] no meritorious argument suggesting that the restitution and fines were improperly assessed or collected." *Id.* at 13 (citing Petition for Review, Exhibit D, Trial Court Order). The Department further asserts that even if its deductions were improper, it enjoys sovereign immunity with respect to Lambing's claim for reimbursement. *Id.* (citing *Tate*, 133 A.3d at 359-60; *Morgalo* 134 A.3d at 1147 n.11).

Any party may move for summary relief at any time after the filing of a petition for review. Pa.R.A.P. 1532(b). "A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him." *Simon v. Cmwlth.*, 659 A.2d 631, 634 (Pa. Cmwlth. 1995). "Such a motion will summarily dispose of the case only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Pa. State Ass'n of Twp. Supervisors v. Dep't of Gen. Servs.*, 666 A.2d 1153, 1156 (Pa. Cmwlth. 1995), *aff'd*, 689 A.2d 224 (Pa. 1997). "It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact." *Del Quadro v. City of Phila.*, 437 A.2d 1262, 1263 (Pa. Super. 1981) (citing *N. Star Coal Co. v. Waverly Oil Works Co.*, 288 A.2d 768 (Pa. 1972)). Thus, a motion for judgment on the pleadings will only be granted where, on the facts averred, the law says with certainty that no recovery is possible. *Ins. Fed'n of Pa., Inc. v. Ins. Dep't*, 970 A.2d 1108, 1113-14 (Pa. 2009); *see also Simon*, 659 A.2d at 634 (stating that a motion for judgment on

the pleadings should only be granted where "the law is so clear that a trial would be a fruitless exercise"). In ruling on a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached thereto. *Simon*, 659 A.2d at 634; *see also Del Quadro*, 437 A.2d at 1263 (stating, "[i]t is clear that the briefs of the parties are not pleadings").

Here, the Department asserts that it is entitled to summary relief, in part, because the doctrine of sovereign immunity bars Lambing's claim for reimbursement. *See* Department's Brief at 13. However, in his petition for review, Lambing only requested that this Court enjoin further deductions from his inmate account by the Department. Indeed, Lambing conceded as much in his reply to the Department's answer and new matter.[4] Thus, Lambing's request for reimbursement of funds deducted by the Department is not properly before this Court. *See* Pa.R.A.P. 1513(e)(5) (providing that "[a] petition for review addressed to an appellate court's original jurisdiction shall contain . . . a short statement of the relief sought").[5]

The Department further contends that "[n]o express judicial order directing deductions is necessary." Department's Brief at 8 (citing *Boyd*, 831 A.2d at 783). In *Boyd*, the inmate "[did] not dispute that the sentencing court imposed fines, costs and restitution upon him, but instead, only argue[d] that the Department

---

[4] In the context of requesting reimbursement for litigation costs, Lambing stated that "[w]hen [h]e first started this action all he wished for was for this Honorable Court to order [the Department] to stop collecting his Act 84 [obligations] as he expressed himself and the Department refused to do," and that "this litigation has cost time a lot of time and income." Lambing's Reply at 17, ¶ 51.

[5] Lambing stated in his initial brief that "[t]he [petition] was filed seeking [i]njunctive [r]elief along with a [r]eturn of all collected [f]unds from [his] [i]nmate [a]ccount that have been previously garnished due to the statutory collection [under] [Act] 84[.]" Lambing's Brief at 2. Nevertheless, this request for a return of funds does not appear in Lambing's petition for review.

9

may not deduct funds for such purposes without a court order authorizing the 'act' of deducting those funds[.]" *Boyd*, 831 A.2d at 783. In sustaining the Department's preliminary objections and dismissing the inmate's mandamus petition, we held that the Department need not obtain an additional court order separately authorizing the deduction of funds towards payment of financial obligations imposed in a sentencing order. *See id.* Although Lambing initially contended that the Department lacked an order authorizing the deduction of funds, *see* Petition for Review at 5, ¶ 15, we sustained the Department's preliminary objection with regard to that argument. *See Lambing*, slip op. at 3 (citing *Boyd*, 831 A.2d at 782-83). Unlike *Boyd*, Lambing does not presently challenge the Department's authority to collect obligations imposed by a sentencing order, but rather the timing of the deductions. We, therefore, note that *Boyd* does not advance the Department's position.

The Department also maintains that its "statutory authority to collect the money under Act 84 exists unless it is expressly and clearly overridden by the sentencing [c]ourt," and that where, as here, any ambiguity exists, "the presumption should be that the sentencing court did not intend to delay the payments." Department's Brief at 8-9. Act 84 provides, in relevant part:

> The Department of Corrections shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1),[6] filing

---

[6] Section 9721(c.1) of the Sentencing Code provides as follows:

> **(c.1) Mandatory payment of costs.**--Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection

10

fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

42 Pa.C.S. § 9728(b)(5)(i). We acknowledge that "[o]ur Courts have repeatedly held that Section 9728(b)(5) of the Sentencing Code authorizes the Department to make deductions from income deposited to an inmate's account." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 263 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005). However, the question *sub judice* is not *whether* the Department may collect court-ordered obligations under the terms of Lambing's sentencing orders, but *when*. This Court's memorandum opinion issued on December 19, 2018, noted that the disputed sentencing orders were ambiguous with respect to "whether payments are due only 'during the period of parole' following the term of incarceration for which the sentencing orders provide, or following any period of incarceration." *Lambing*, slip op. at 6-7.

Nevertheless, the three March 17, 2008 sentencing orders in question expressly provide that "[t]he defendant shall pay the total due in monthly installments *during the period of parole* in accordance with a payment schedule set by the Fayette County Clerk of Courts." *See* Petition for Review, Exhibit C, Sentencing Orders. Black's Law Dictionary defines "parole" as "[t]he conditional release of a prisoner from imprisonment before the full sentence has been served,"

(a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to [S]ection 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).

42 Pa.C.S. § 9721(c.1).

11

noting that "[t]he essence of parole is release from prison, before completion of the sentence, on condition that the prisoner abide by certain rules during the balance of the sentence." Black's Law Dictionary (11th ed. 2019) (citing 59 Am. Jur. 2d *Pardon and Parole* § 6 (1987)). As "[t]he essence of parole is release from prison," we conclude, with respect to the three March 17, 2008 sentencing orders containing the language noted above, that the Department's assertion that it may deduct funds from Lambing's inmate account during his incarceration lacks merit in light of the sentencing order's express directive that Lambing "shall pay the total due in monthly installments during the period of parole[.]" *See id.*; Petition for Review, Exhibit C, Sentencing Orders.[7] In light of the absence of such language in the January 25, 2008 sentencing order, we cannot reach the same conclusion with respect to that order.

Moreover, as acknowledged by the Department, both its notice provided to inmates regarding grievance procedures and its policy manual regarding the collection of inmate debts recognize that a sentencing order may delay payment of financial obligations imposed therein. *See* Department's Brief at 10 n.1 (citing DC-ADM 005, Section 3.A.2.a.; DC-ADM 005, Attachment 3-A). The relevant

---

[7] The sentencing orders at issue broke down the costs payable by Lambing into court ordered costs, such as the costs of prosecution, restitution, and costs for use of the law library, as well as statutorily mandated costs, such as costs payable to the Crime Victims Compensation Fund, and the Victim Witness Service Fund. Regarding the latter statutorily mandated costs, we note that, notwithstanding our holding herein, the Department may deduct funds towards payment of the sentencing order's imposition of said costs during Lambing's incarceration. *See, e.g.*, Section 1101(e) of the Crime Victims Act (Act of Nov. 24, 1998, P.L. 882, No. 111), 18 P.S. § 11.1101(e) (addressing Crime Victims Compensation Fund and Victim Witness Service Fund and providing that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section. Costs under this [S]ection must be paid in order for the defendant to be eligible for probation, parole or accelerated rehabilitative disposition."); *see also Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa. Cmwlth. 2009) (noting that "non-waivable, statutorily mandated costs are deductible absent any express court order").

12

section of the Department's policy manual regarding the collection of inmate debts provides in full:

> If the Department is in possession of a court order or sentencing transcript, then the Business Manager/designee shall determine if the order that imposes financial obligations on the inmate defers the payment of those obligations to a later date or event ("delay language"). If so, *collection of costs as a result of that court order must not begin until the date or event indicated in the court order. In all such cases, the specific terms of the court order will control the collection.* Questions concerning the terms of a court order shall be referred to the Act 84 Coordinator.

DC-ADM 005, Section 3.A.2.a. (emphasis added).[8] The Department's policy is in accord with established precedent, which indicates that the express terms of a sentencing order govern payment of financial obligations imposed therein. For instance, in *Spotz v. Commonwealth*, 972 A.2d 125 (Pa. Cmwlth. 2009), we held that a common pleas clerk of courts and the Department only have authority to collect such costs that have been "explicitly provided for in [a] party's sentencing order." *Spotz*, 972 A.2d at 132 (citing *Commonwealth v. LeBar*, 860 A.2d 1105, 1110 (Pa. Super. 2004)).

Here, the March 17, 2008 sentencing court's orders state that Lambing "shall pay the total due in monthly installments during the period of parole[.]" *See* Petition for Review, Exhibit C, Sentencing Orders. Thus, it is clear that the sentencing court did not authorize the Department to make deductions for court-ordered costs while Lambing is incarcerated.

---

[8] As noted above, this regulation of the Department would not apply to the statutorily mandated costs imposed by the sentencing court. *See supra* n.7.

13

Accordingly, we grant Lambing's motion for summary relief only with respect to the March 17, 2008 sentencing orders, deny Lambing's motion for summary relief with respect to the January 25, 2008 sentencing order, deny the Department's cross-motion for summary relief, and enjoin the Department from deducting court-imposed fines, costs and restitution from Lambing's inmate account imposed by the March 17, 2008 sentencing orders until his release from incarceration in accordance with the foregoing opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Stephen Lambing,          :
                   Petitioner   :
                              :
                              :
          v.                     :
                              :
Pennsylvania Department     :
of Corrections,            :   No. 488 M.D. 2017
                 Respondent   :

O R D E R

AND NOW, this 23rd day of July, 2020, the motion for summary relief filed by Cory Stephen Lambing (Lambing) is GRANTED, in part, the cross-motion for summary relief filed by the Department of Corrections (Department) is DENIED, and the Department is hereby enjoined from deducting funds from Lambing's inmate account until his release from incarceration in accordance with the foregoing opinion.

_____
CHRISTINE FIZZANO CANNON, Judge